UNITED STATES, Appellant

v

LARRY W. ANDREWS, Private,
U. S. Marine Corps, Appellee

15 USCMA 514, 36 CMR 12

No. 18,845

October 29, 1965

*Major Paul F. Henderson, Jr.*, USMC, argued the cause for Appellant, United States.

*Commander Walter F. Brown*, USN, argued the cause for Appellee, Accused.

## Opinion of the Court

QUINN, Chief Judge:

As presented by the certificate from The Judge Advocate General of the Navy, the question for our decision is:

> "Was the Board of Review correct in holding that the president's instruction prescribing the maximum forfeitures as a 'forfeiture of two-thirds pay for six months' placed a legal limitation upon the sentencing power of the court-martial which precluded the imposition of any forfeiture penalty the total amount of which exceeds two-thirds of one months pay?"

Arraigned before a special court-martial, the accused pleaded guilty to, and was found guilty of, a substantial period of unauthorized absence, in violation of Article 86, Uniform Code of Military Justice, 10 USC § 886. In accordance with the standard practice after findings, trial counsel read the personal data about the accused which appeared on the charge sheet. This reflected the accused's basic pay as $83.20 per month. Defense counsel acknowledged the correctness of the information. Later, the president instructed the court members on the maximum punishment to which the accused was subject. In part, he said it included "forfeiture of two-thirds pay for six months." Defense counsel indicated he had no objection to the instructions. The court-martial imposed a sentence which, among other penalties, provided that the accused "forfeit $55.00 pay per month for six months."

On review of the record in the field, the sentence was approved, except that the period of confinement and forfeiture was reduced from six months to five months. However, a board of review in the office of The Judge Advocate General of the Navy held, by a divided vote, that the sentence adjudged by the court-martial was illegal because, under the instruction of the

president of the court, it could not impose a forfeiture greater than two-thirds of the accused's pay *for one month*. See United States v Crawford, 12 USCMA 203, 30 CMR 203. The board of review reasoned that the phrase "forfeiture of two-thirds pay for six months" in the instruction could be construed only as prescribing a maximum forfeiture of a total of $55.00 for the entire period of six months; consequently, the court-martial went beyond the limits of the instruction when it provided for forfeiture of $55.00 for each month of the period. Other boards of review have construed similar terminology as authorizing forfeiture of two-thirds pay for each month of the specified period. See United States v Callahan, 21 CMR 470; United States v McAlpine, 17 CMR 506.

The board of review indicated in its opinion that the result it reached was supported by our decision in United States v Johnson, 13 USCMA 127, 32 CMR 127. There, the sentence imposed by the court-martial provided, in part, for "$70.00 forfeiture of pay for six months"; but the order promulgating the results of trial showed the forfeiture as *$70.00 per month* for six months. We held the order was improper in that the sentence imposed a forfeiture of only $70.00 from the total pay earned during the six-month period. In *Johnson*, the total amount of the forfeiture was recited in terms of dollars; here, it is set out as a percentage of the accused's pay for a specified period. The operative words are "forfeiture of two-thirds pay for six months." In United States v Gilgallon, 1 USCMA 263, 2 CMR 170, we held that a forfeiture stated in terms of a percentage or fraction of pay, instead of in dollars and cents, can be given legal effect. Thus, by the instruction, the court-martial was authorized to impose a maximum forfeiture of two-thirds of the pay earned in a period of six months. Since the evidence showed the accused's basic pay was $83.20, the court-martial could, by simple arithmetical calculation, determine it could adjudge a total of approximately $332.00.

Under Article 19, Uniform Code of Military Justice, 10 USC § 819, a special court-martial cannot impose forfeitures in excess of two-thirds pay per month. Whether a gross forfeiture of $332.00 from the pay accruing to the accused over a period of six months, without actual apportionment on a per month basis by the court, would comply with Article 19 is not before us. Cf. United States v Rios, 15 USCMA 116, 35 CMR 88. In fact, the sentence complies with the per month provision of Article 19. The real question then is whether, under the instruction it received, the court-martial might apportion a part of the total forfeiture to each month of the period the accused's pay was subject to forfeiture, as it did in its sentence, or whether it was limited to determining the gross forfeiture and describing it as a percentage or a dollar amount of the total pay for the six-month period. As we read the instruction, it may be construed as granting authority to apportion; and in our opinion it was so understood by the court members and defense counsel.

As we pointed out earlier, by its terms, the instruction authorized a total forfeiture of approximately $332.00. Manifestly, that amount could not be realized from a single month's pay. It was obvious, from the evidence before the court that, if it determined to impose the maximum forfeiture, the sentence could be effectuated only if there was apportionment over the period to which the accused's pay was subject to forfeiture. Under the circumstances, we think the court members adopted the commonsense view that the instruction contemplated, and authorized, apportionment of the forfeiture, if such punishment was adjudged. The sentence indicates the court members construed the instruction in that light. The failure of defense counsel to except to the court's action indicates that he construed the instruction in the same way. The meaning attributed to an instruction by the personnel at trial is an incentive to adoption of that meaning by an appellate tribunal. United States v Gordon, 14 USCMA 314, 319, 34 CMR 94.

An instruction should be explicit. It would, therefore, have been better if the

president had instructed the court-martial that it could impose a forfeiture of two-thirds pay per month for six months. However, the inescapable conclusion from the language of the instruction and the facts to which it was applicable is that the instruction allowed the court-martial to return the sentence in question.

We answer the certified issue in the negative. The record of trial is returned to The Judge Advocate General of the Navy for resubmission to the board of review for further proceedings consistent with this opinion.

Judges FERGUSON and KILDAY concur.