UNITED STATES

v.

Airman First Class Levi A. WALKER, IV, FR 240–21–4303 United States Air Force.

ACM S24890.

U. S. Air Force Court of Military Review.

Sentence Adjudged 17 Jan. 1980.

Decided 20 June 1980.

On Reconsideration 8 Sept. 1980.

Appellate Counsel for the Accused: Colonel Larry G. Stephens and Major Wade B. Morrison.

Appellate Counsel for the United States: Colonel James P. Porter.

Before EARLY, POWELL and MAHONEY, Appellate Military Judges.

DECISION

PER CURIAM:

Consistent with his pleas, the accused was convicted by special court-martial, including members, of two offenses of larceny. The sentence announced was "to be discharged from the service with a bad conduct discharge, to be confined at hard labor for three months, to forfeit $299.00 of your pay for three months, and to be reduced to the grade of E 1." The convening authority suspended the bad conduct discharge and changed the amount of forfeitures to $200.00 per month for three months but otherwise approved the sentence and ordered it executed. The supervisory authority approved the action of the convening authority.

Appellate defense counsel cite the action of the convening authority as error, contending that the announcement "to forfeit $299.00 of your pay for three months" sets the maximum total amount of forfeiture at $299.00 which the convening authority may not increase. Appellate Government counsel concur and we agree. When an announced forfeiture which does not include the phrase "per month," is not corrected or clarified on the record; the amount announced is construed to be the total amount

to be forfeited. *United States v. Johnson*, 13 U.S.C.M.A. 127, 32 C.M.R. 127 (1962); *United States v. Smith*, 43 C.M.R. 660 (A.C.M.R. 1971).

Consistent with the announced sentence, only so much of the sentence as provides for a bad conduct discharge, confinement at hard labor for three months, forfeiture of $299.00, and reduction to airman basic is approved.

The findings of guilty and the sentence, as modified herein, are      ·*·

AFFIRMED.

## DECISION UPON RECONSIDERATION

### POWELL, Judge:

This case is now before us on motion by appellate defense counsel for reconsideration of our decision of 20 June 1980.[1] There we agreed with an assigned error which was concurred in by the Government counsel. We approved, among other punishments, a forfeiture of $299.00, thus granting the relief requested by the defense. Appellate defense counsel now contend that this amount is excessive and request that the affirmed forfeiture be reduced from $299.00 to $200.00. We reconsider our decision but adhere to it and again affirm.

At trial, the court president announced the sentence of the court as follows:    ·

> To be discharged from the service with a bad conduct discharge, to be confined at hard labor for three months, to forfeit $299.00 of your pay for three months, and to be reduced the grade of E–1.

The sentence worksheet, which was examined by the military judge prior to announcement, reflects as the portion pertaining to forfeitures a sentence "To forfeit $299.00 of your pay per month for 3 months." The convening authority, without indicating his rationale, approved only so much of the sentence as provided for "a bad conduct discharge, confinement at hard labor for three months, forfeitures of

$200.00 per month for three months and reduction to the grade of Airman Basic." He suspended the discharge until 15 August 1980 with provision for automatic remission thereafter.

The review of the staff judge advocate of the supervisory authority failed to note the omission of the words "per month" from the announced sentence and considered the adjudged sentence to include "forfeiture of $299.00 per month for three months." The action of the convening authority reducing the forfeitures to $200.00 per month for three months was acknowledged. The review and the court–martial order incorrectly reflect the adjudged sentence as including forfeitures of $299.00 *per month* for three months. In his action, the supervisory authority approved the sentence as approved by the convening authority.

The defense's contention is essentially that the maximum forfeiture that this Court may affirm is $200.00, the monthly amount approved by the convening and supervisory authorities. They offer two propositions in support of their contention. One is that the convening authority cannot approve a sentence more severe than that adjudged and this Court can act only with respect to the sentence as approved by the convening authority.[2] The second proposition is that the Court's approval of a forfeiture of $299.00 precluded any mitigating effect on the accused's sentence which the convening authority intended by his action.

In our initial decision, we were constrained under the facts of this case and the authority of *United States v. Johnson*, 13 U.S.C.M.A. 127, 32 C.M.R. 127 (1962), to construe the forfeiture portion of the adjudged sentence as setting the maximum amount which could be forfeited at $299.00. Appellate defense counsel now reason that the action of the convening authority limits the maximum amount which can be forfeited to $200.00 because the adjudged sentence, in omitting the words "per month"

---

1. Appellate Government counsel do not oppose the motion for reconsideration.

2. Manual for Courts–Martial, 1969 (Rev.), paragraph 88*a*; Uniform Code of Military Justice, Article 66(c), 10 U.S.C. § 866(c).

not only defined a monetary limit ($299.00), but also a time limit (one month). Although early Air Force Board of Review cases were in accord with this position, they were overruled by the Court of Military Appeals in *United States v. Rios*, 15 U.S.C. M.A. 116, 35 C.M.R. 88 (1964). Legally, the convening authority could have ordered the $299.00 forfeited all in one month, or he could have apportioned it over any period of time up to that specified by the adjudged sentence. *Id.* His election to apportion forfeitures over the three month period specified by the court–martial did not increase the severity of the adjudged sentence. What increased the severity of the adjudged sentence was the approval of forfeitures in excess of $99.00 after the forfeiture of $200.00 in the first month. By inserting the words "per month," the convening authority approved aggregate forfeitures of $600.00.[3] This amount, subsequently approved by the supervisory authority, did not reduce the aggregate forfeitures in the adjudged sentence. Thus, in our earlier decision we approved no greater forfeitures than the lesser of that adjudged or approved.

The next defense proposition does not detain us long. We are convinced that the convening authority, if either intending to mitigate the effect of the sentence or to exercise clemency, was doing so only in relation to a sentence which he believed included a forfeiture of $299.00 per month for three months—forfeitures totaling $897.00. This Court was the first reviewing authority to give legal definition to the effect of the sentence adjudged as announced. Had the convening authority been similarly advised of these limits on the sentence, and what action he could take in regard thereto, we have no hesitancy in

concluding that his action on the sentence would not have been in the form in which it presently appears. At this time, we will not speculate as to the convening authority's intention as influenced by such incorrect and incomplete information.

In view of the foregoing, the Motion for Reconsideration is granted. Having reconsidered, we adhere to our decision of 20 June 1980. The findings, and so much of the sentence as provides for a bad conduct discharge, confinement at hard labor for three months, forfeiture of $299.00, and reduction to airman basic are

AFFIRMED.

EARLY, Chief Judge, concurs.

MAHONEY, Judge (dissenting in part, concurring in part, and dubitante):

I dissent from the granting of the motion for reconsideration. I believe that, absent an error of constitutional magnitude or a miscarriage of justice, once this Court grants the precise relief requested by appellate counsel for the accused, the interests of judicial economy warrant invoking the doctrine of waiver.[1] I would deny the motion.

Since my brethren have nonetheless granted reconsideration, I concur in the result based upon our earlier interpretation of precedent regarding the trial court's failure to announce the words "per month" after the amount to be forfeited.[2]

I also concur with the majority's disposition of the defense claim that we must give effect to the clemency action purportedly intended by the convening authority with regard to forfeitures. I find no support in the record for the assumption that the convening authority intended clemency with regard to forfeitures. The fact that the

---

3. In view of the legal effect of the adjudged sentence, and with due regard for the Air Force policy requiring partial forfeitures to be stated in whole–dollar amounts, the convening authority could have approved three equal monthly forfeitures in an amount no greater than $99.00.

1. The practical effect of our reconsideration will be a determination as to whether the remaining amount in dispute ($99.00) will be disbursed by the government to the accused (as a part of his pay) or to the Soldiers' and Airmen's Home (as forfeitures). 24 *U.S.C.* § 44.

2. While we could have apportioned the affirmed forfeitures over a period of up to three months, we were neither requested nor required to do so. *See, United States v. Rios*, 15 U.S.C.M.A. 116, 35 C.M.R. 88 (1964).

numerical figures in the convening authority's action decreased the stated forfeitures by $287.00 is offset by its addition of the words "per month" which increased the legal effect of the forfeitures by $301.00. As I view it, there is less reason to assume that the convening authority was ignorant of the law (and intended clemency) than there is to assume that he was aware of the law (and intended to increase the forfeitures).[3]

I record my doubt here as to two legal principles inherent in our resolution of the issue in this case.[4] First, I doubt the correctness of the legal interpretation of a sentence to forfeitures which omits the words "per month" after the amount to be forfeited over a period of months. Second, I doubt the correctness of the apparent "rule" in *United States v. Johnson*, 13 U.S.C.M.A. 127, 32 C.M.R. 127 (1962), that such sentences are unambiguous, and thus preclude post–trial examination of the entire record to determine the intent of the Court.[5]

I shall not belabor my first doubt with extended discussion. The Court of Military Appeals resolved the issue by relying upon longstanding service precedents. *United States v. Johnson, supra.* Absent the words "per month," a sentence "to forfeit 'X' dollars for 'Y' months is legally construed to mean that only a total of "X" dollars may be collected in forfeitures.[6] My doubts as to the soundness of this conclusion find support in *United States v. Roman*, 22 U.S.C.M.A. 78, 46 C.M.R. 78 (1972), where, but for the principle of *stare decisis*, the Court of Military Appeals would have overruled *Johnson.*[7]

My second point of doubt stems from my inability to accept the conclusion that a sentence "to forfeit 'X' dollars for 'Y' months" is unambiguous. Standing alone, of course, its legal meaning is settled. But factually, and as a matter of construction, it remains ambiguous. It is susceptible to two interpretations, each of which requires an inference as to the intent of the author.[8]

**3.** While we need not address the issue, the increase in forfeitures which resulted from the convening authority's action did not necessarily increase the overall punishment. It is well settled that a punitive discharge may be commuted to a lesser form of punishment, including forfeitures. Here, the convening authority's action to suspend the discharge differs only insofar as it imposed a probationary period prior to automatic remission of the discharge. At any event, the actual intent of the convening authority in changing the adjudged sentence was not made a matter of record.

**4.** In our original decision I chose not to express these doubts because of the relative insignificance of the legal principle involved, *United States v. Roman*, 22 U.S.C.M.A. 78, 46 C.M.R. 78 (1972) at fn. 2, and because the best time to resolve this recurring error is at trial. The correct procedure for determining the court's intent has been amply explained. *E. g., United States v. Justice*, 3 M.J. 451, (C.M.A.1977); *United States v. Bates*, 1 M.J. 841 (A.F.C.M.R. 1976).

**5.** In *United States v. Johnson*, 13 U.S.C.M.A. 127, 32 C.M.R. 127 (1962), the Court of Military Appeals cited *United States v. Cuen*, 9 U.S.C.M.A. 332, 26 C.M.R. 112 (1958), for the proposition that, since the sentence as construed was legal, "there are no circumstances justifying 'inquiry into the intent of the court–martial.' " *Johnson, supra* at 128. What the Court actually said in *Cuen* was:

We merely look to the four corners of the sentence and if valid on its face we cannot permit inquiry into the intent of the court–martial which adjudged it. Cf. *United States v. Nedeau*, 7 U.S.C.M.A. 718, 23 C.M.R. 182. *United States v. Cuen, supra* at 118. In *Nedeau*, the Court stated:
Although we recognize the soundness of the rule which permits this Court to look to the record as a whole to determine the intent of the court–martial with respect to the announcement of their findings, such rule would appear to be for application where the announcement itself was ambiguous or misleading, rather than, as in this case, where the findings announced by the court changed the nature and identity of the offense charged.
*Id.* at 184.

**6.** Interestingly, however, where the amount to be forfeited is stated as a *percentage* of pay–as opposed to a specific dollar amount–the Court of Military Appeals has sanctioned the addition of the words "per month" to reflect the court's intent. *United States v. Andrews*, 15 U.S.C.M.A. 514, 36 C.M.R. 12 (1965); *United States v. Smith*, 3 U.S.C.M.A. 336, 12 C.M.R. 92 (1953).

**7.** *United States v. Roman, supra* at fn. 2.

**8.** These words cannot be construed to mean "to forfeit 'X' dollars for one month." To do so would be totally inconsistent with the express language ". . . for 'Y' months."

Specifically, it could mean either: (1) "to forfeit a total of 'X' dollars over a period of 'Y' months," or (2) "to forfeit 'X' dollars each month for 'Y' months."

I have no doubt as to the soundness of the rule which precludes our resolving this ambiguity adversely to the accused based upon mere speculation. However, where the record clearly indicates the court's intent, reviewing authorities, including this Court, should not be required to ignore that clear intent.[9] Indeed, such a requirement is, in my view, an unwarranted infringement upon the statutory duties of reviewing authorities. To this extent, I believe *United States v. Johnson, supra,* is in error and ought to be overruled.

The facts of record in this case amply illustrate the unsoundness of being required to emulate an ostrich in the face of a factually ambiguous sentence. Upon proper instruction by the military judge, the court members arrived at a lawful sentence in closed session. They recorded that sentence upon a standard worksheet. The worksheet reflects their careful tailoring to record the sentence: appropriate blocks were checked; appropriate language was deleted; and appropriate blanks were filled in. Significantly, the court had been instructed that the words "per month" must appear after the amount to be forfeited if the forfeitures were to be effective for more than one month. In that regard, the worksheet provided two blocks for forfeitures. One was specifically designated for one month only; the other was designated for multiple-month forfeitures. The portion of the worksheet containing those two blocks is reproduced below:

MONETARY PENALTIES

[X]  TO FORFEIT $ _299.00_ OF YOUR PAY
     PER MONTH FOR _3_ MONTHS
     NOTE: FORFEITURES SHOULD BE SPECIFIED
     IN WHOLE DOLLAR AMOUNTS.

[ ]  TO FORFEIT $_____ OF YOUR PAY
     NOTE: IF THIS FORM IS USED, FORFEITURE
     WILL BE TAKEN FROM PAY FOR ONLY
     ONE MONTH.

Clearly the court knew how to adjudge a one month or lump–sum forfeiture, and had readily available a format to properly reflect such a sentence had they chosen to impose it. Nonetheless, the worksheet submitted to the military judge as reflecting the court's sentence unequivocally demonstrates that the court intended to impose forfeitures of $299.00 *per month* for three months. After inspecting the worksheet to insure the sentence was proper in form, the military judge returned it to the court president and directed him to read from it in announcing the court's sentence. In these circumstances I have not the slightest doubt that the president's omission of the words "per month" in reading from the worksheet was a mere "slip of the tongue."[10]

In conclusion, I believe that *Johnson* is legally incorrect insofar as it requires reviewing authorities to ignore the clearly demonstrated intent of the court–martial in

---

9. *Contra, United States v. Smith,* 43 C.M.R. 660 (A.C.M.R.1971). It should be noted that the cases initially dealing with this issue were decided at a time when sentence worksheets were not routinely used. Thus, it is not surprising that those cases make no reference to the contents of the worksheet in discerning the intention of the court–martial. Later cases, in the context of other issues, have clearly sanctioned reference to the sentence worksheet by reviewing authorities. *E. g., United States v. Jones,* 3 M.J. 348 (C.M.A.1977); *United States v. Upton,* 9 M.J. 586 (A.F.C.M.R.1980).

10. *United States v. Hollis,* 11 U.S.C.M.A. 235, 29 C.M.R. 51 (1955). My observations during six years as a trial judge convince me that several factors contribute to the occasional failure of court presidents to read the words "per month" from the worksheet. First, there is a very low level of court–martial experience among Air Force officers. It is common for the court president, such as the one in this case, to have never before served on a court–martial. Second, in a total guilty plea case, such as this one, the first and only function of the president, in open court, is to announce the sentence. Even experienced public speakers become obviously nervous and uneasy in this situation. Moreover, the face–to–face imposition of punishment upon another person is an inherently stressful event, even for an experienced trial judge. Commendably, virtually all court presidents make an effort to maintain eye contact with the accused during sentence announcement. Under such circumstances, it is easy to understand how the superficially redundant reference to "month" can be mistakenly omitted by the reader.

favor of a factually ambiguous verbal error in the announcement of sentence.