Judge GIERKE
delivered the opinion of the Court.
A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of a single violation of Article 80, Uniform Code of Military Justice (UCMJ), 10 USC § 880, and multiple violations of Article 112a, UCMJ, 10 USC § 912a, arising from appellant’s distributions of lysergic acid diethylamide (LSD) and methylenedioxyamphetamine (ecstasy). The adjudged and approved sentence provides for a bad-conduct discharge, confinement for 30 months, total forfeitures, and reduction to the lowest enlisted grade. The Court of Criminal Appeals affirmed the findings and sentence. 53 MJ 769 (2000). This Court granted review of the following issue:
WHETHER THE ARMY COURT OF CRIMINAL APPEALS ERRED IN DENYING APPELLANT DAY FOR DAY ADMINISTRATIVE CREDIT FOR THE GOVERNMENT’S FAILURE TO FOLLOW THE PROCEDURAL REQUIREMENTS UNDER RCM 305.[1]
For the reasons that follow, we affirm.
Appellant was apprehended when he distributed LSD to an undercover agent. On February 10, 1998, appellant’s commander revoked his off-post pass privileges, seized all his civilian clothing and personal effects, and seized some of his uniforms. Appellant was required to be escorted by a noncommissioned officer whenever he was outside his duty area. These conditions on liberty remained in effect during a 31-day deployment to Thailand and during field exercises in the United States. These conditions on liberty were removed on July 20, 1998, but appellant’s civilian clothing and property were not returned until July 27, when he returned from a field exercise.
At trial, appellant asked for appropriate relief for illegal pretrial punishment in violation of Article 13, UCMJ, 10 USC § 813. He did not assert that his restriction was tantamount to confinement, did not assert a violation of the requirements for review of pretrial restraint under RCM 305, Manual for Courts-Martial, United States (2000 ed.), and did not ask for any relief based on RCM 305(k). The only mention in the record of any command review occurred during the following cross-examination of appellant’s commander by defense counsel:
Q. During that whole period, did you ever make any review of your decision to confiscate any goods?
A. Yes.
Q. Did you ever articulate that review to PFC Chapa?
A. No, I did not.
After imposing sentence, the military judge granted appellant credit for 136 days, ruling that the restraints on appellant’s liberty were tantamount to confinement. The military judge did not mention RCM 305; nor did she mention United States v. Mason, 19 MJ 274 (CMA 1985) (summary disposition); or United States v. Gregory, 21 MJ 952, 955-56 (ACMR) (holding that RCM 305 applies to restriction tantamount to confinement), aff'd, 23 MJ 246 (CMA 1986) (summary disposition).
RCM 305(h)(2)(A) requires that, not later than 72 hours after ordering a prisoner into pretrial confinement, “the commander shall decide whether pretrial confinement will continue.” RCM 305(h)(2)(C) requires the commander to prepare a written memorandum of the reasons for continued pretrial confinement.
RCM 305(i)(l) requires that review of probable cause to continue pretrial confinement “shall be made by a neutral and de *142 tached officer within 48 hours of imposition of confinement under military control.”[2] RCM 305(i)(2) requires another review by a neutral and detached officer within 7 days of imposition of confinement.
RCM 305(k) provides that the remedy for noncompliance with the above provisions “shall be an administrative credit against the sentence adjudged for any confinement served as the result of such noncompliance ... at the rate of 1 day credit for each day of confinement served as a result of such noncompliance.” If the adjudged confinement is insufficient to offset the credit due, “the credit shall be applied against hard labor without confinement, restriction, fine, and forfeiture of pay, in that order[.]”
Before the court below and this Court, appellant has asked for additional credit, asserting that the commander’s review and magistrate’s review of his pretrial restraint were not conducted. Because appellant has served all the adjudged confinement, he asks for credit against the adjudged and approved forfeitures. The Government’s position before the lower court and this Court is that the issue was waived. The lower court held that appellant waived the issue of entitlement to additional credit under RCM 305(k) because “the tidal defense counsel did not specifically, substantively, or even implicitly request RCM 305(k) credit.” 53 MJ at 773.
There is no burden on the Government to make an affirmative showing of compliance with any of the procedures addressed in RCM 305. The defense bears the burden of raising an issue of compliance with any of these procedures by making a motion that specifically focuses the attention of trial participants on the alleged shortcoming. In United States v. McCants, 39 MJ 91, 93 (CMA 1994), this Court held that any issue regarding failure to conduct the 48-hour review of pretrial confinement[3] was waived by failure to specifically raise the issue at trial. We held that a request for relief for failure to conduct the 7-day review was not sufficient to preserve the issue whether the 48-hour review was conducted. See RCM 905(e), Manual, supra [4]
This case presents an even stronger case for waiver than McCants. In McCants, we held that an asserted violation of one provision of RCM 305 was not sufficient to preserve the issue whether another provision was violated. In this case, appellant did not assert that his restriction was tantamount to confinement, nor did he assert any violations of RCM 305. The defense request for relief focused solely on Article 13. The defense counsel’s question about the commander’s review of his decision to seize appellant’s personal property was insufficient to raise and preserve the issue, for two reasons: (1) because it addressed only the seizure of appellant’s property and not the restraints on his liberty, and (2) it was too general to alert the military judge or the Government to a complaint that formal review processes were not followed. Defense counsel had the opportunity to ask the commander whether the conditions on appellant’s liberty were reviewed in accordance with RCM 305(h) and (i), or to present other evidence of noncompliance, but he did not avail himself of that opportunity.
Because the issue was not raised, the record in this case is silent on the issue whether appellant’s pretrial restraint was reviewed in accordance with RCM 305(h) and (i). There is no evidence that appellant’s pretrial re *143 straint was reviewed; conversely, there is no evidence that it was not reviewed.
We hold that any issue founded on noncompliance with RCM 305 was waived. We further hold that, because appellant did not establish a factual predicate for his asserted violation of RCM 305, he has not overcome the waiver provisions of RCM 905(e). To overcome waiver, appellant was required to show that there was an “error,” i.e., a violation of RCM 305(h) and (i), that it was “plain,” and that it “materially prejudiced” his “substantial rights.” See United States v. Powell, 49 MJ 460, 463-64 (1998). Appellant has not carried his burden. Accordingly, we hold that the court below did not err by applying waiver.

Decision

The decision of the United States Army Court of Criminal Appeals is affirmed.

. In addition, this Court specified the following issue:
IF THE COURT ERRED, WHAT RELIEF, IF ANY, CAN BE GRANTED AT THIS STAGE?
In light of our disposition of the granted issue, we do not reach the specified issue.

. This version of RCM 305 took effect on May 27, 1998, in accordance with Executive Order Number 13086, and is the same as the version in effect at the time of appellant’s court-martial. The previous version, in effect when appellant’s conditions on liberty were imposed, did not set out the 48-hour review requirement, although this requirement still applied by virtue of this Court's decision in United States v. Rexroat, 38 MJ 292, 295 (CMA 1993)(citing County of Riverside v. McLaughlin, 500 U.S. 44, 111 S.Ct. 1661, 114 L.Ed.2d 49 (1991)).

. See id.

. The passive waiver referred to in RCM 905(e) and this Court’s decision in McCants is synonymous with the term "forfeiture” used by the Supreme Court in United States v. Olano, 507 U.S. 725, 733, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993). Because RCM 905(e) uses the term "waiver" instead of "forfeiture,” we use the language of the rule in this opinion.