# UNITED STATES COAST GUARD COURT OF CRIMINAL APPEALS
## Washington, D.C.

## UNITED STATES

### v.

### Cory J. BURKETT
### Seaman Recruit (E-1), U.S. Coast Guard

### CGCMS 24216

### Docket No. 1158

### 30 August 2002

Special Court-Martial convened by Commanding Officer, U. S. Coast Guard Air Station New Orleans. Tried at New Orleans, Louisiana, on 24 July 2001.

| | |
|---|---|
| Military Judge: | CDR Matthew J. Glomb, USCG |
| Trial Counsel: | LT(jg) Curtis E. Borland, USCGR |
| Detailed Defense Counsel: | LT Harvey Tharp, JAGC, USNR |
| Appellate Defense Counsel: | CDR Jeffrey C. Good, USCG |
| Appellate Government Counsel: | LT Daniel J. Goettle, USCG |

## BEFORE
## PANEL TEN
## BAUM, BRUCE, & CAHILL
Appellate Military Judges

BAUM, Chief Judge:

Appellant was tried by a special court-martial, military judge alone. In accordance with his pleas, entered pursuant to a pretrial agreement, he was convicted of eight offenses involving the Schedule II controlled substance OxyContin. The following seven specifications were in violation of Article 112a of the Uniform Code of Military Justice (UCMJ): two specifications of wrongful distribution, two specifications of wrongful use, one specification of wrongful possession and two specifications of wrongful introduction of Oxycontin onto an installation used by, or under the control of, the armed forces. The eighth offense was one specification of conspiracy to distribute OxyContin, in violation of Article 81 of the UCMJ. The military judge sentenced Appellant to a bad conduct discharge, confinement for four months, and "forfeiture of two third's pay for four months." The Convening Authority restated the adjudged sentence as a bad conduct discharge, confinement for four months, and "adjudged forfeitures of $643.20 pay per month for four months," and approved the sentence as modified.

Before this Court, Appellant has assigned two errors: (1) that the convening authority improperly approved forfeitures in excess of those adjudged by the military judge, and (2) that the military judge erred in failing to dismiss the one drug possession specification as a lesser included offense of four of the other specifications.

I

Adjudged and Approved Forfeitures

Article 19, UCMJ, establishes the sentencing authority of special courts-martial. At the time of trial, Article 19, UCMJ, provided that, "[s]pecial courts-martial may, under such limitations as the President may prescribe, adjudge any punishment not forbidden by this chapter except…forfeiture of pay exceeding two-thirds pay per month…for more than six months." Rule of Court-Martial (RCM) 1003(b)(2), constitutes the President's implementation of Article 19 and requires that, "a sentence to forfeiture shall state the exact amount in whole dollars to be forfeited each month and the number of months the forfeitures will last." When the military judge announced the adjudged forfeiture as "forfeiture of two third's pay for four months," he violated this Rule by not stating the exact amount in whole dollars, and by not stating what was to be forfeited each month. It is not clear from this sentence whether two thirds of one month's pay was to be forfeited spread out over a period of four months or whether two thirds pay per month was to be forfeited for four months. The judge did not correct or clarify the announced sentence before adjournment. Instead, he simply repeated his earlier announcement of forfeiture after examining the sentence-limitation portion of the pretrial agreement.

Citing *United States v. Johnson,* 43 USCMA 127, 32 CMR 127,128 (1962); *United States v. Smith*, 43 CMR 660, 661 (ACMR 1971); and *United States v. Walker,* 9 M.J. 892 (AFCMR 1980), Appellant asserts that, "[c]ase law is clear that when an announced forfeiture which does not include the phrase 'per month,' is not corrected or clarified on the record, the amount announced is construed to be the total amount forfeited." App. Def. Brief at 3. Accordingly, Appellant submits that the judge's wording of the sentence had the effect of ordering forfeiture of only one month's pay. Based on this interpretation, Appellant contends that the convening authority violated RCM 1107(d)(1) by increasing the severity of the sentence when adding the words "per month" in his action approving forfeitures of "$643.20 per month for four months."

In response, the Government contends that the cases cited by Appellant are irrelevant to the issue presented here because of a key factual difference. In each of the cited cases the phrase "per month" was omitted by the judge, as was done here, but a specific forfeiture dollar figure was stated, which prompted the courts on review to rule that "per month" would not be inserted and only the stated dollar amount would be affirmed. According to the Government, the military judge's statement of forfeitures in the instant case as a fraction of Appellant's pay rather than a specific dollar amount, calls for a different interpretation. Citing language from *United States v. Walker,* 9 M.J. 892, 895 (AFCMR 1980) (Mahoney, J., dissenting), which, in turn, cites *United States v. Andrews,* 15 USCMA 514, 515 (1965), the Government submits that, "where the amount to be forfeited is stated as a percentage of pay, as opposed to a specific amount, the

Court of Military Appeals has sanctioned the addition of the words "per month" to reflect the court's intent." *Id.* at 895.

We disagree with the Government's conclusion that our higher court has sanctioned addition by this Court or a convening authority of the words "per month" to an adjudged sentence. That certainly was not the holding in the only Court of Military Appeals decision cited by the Government on this point, *United States v. Andrews, supra.* That decision dealt with an adjudged sentence that included the required "per month" language. There was no issue in that case of a convening authority or an appellate court adding the missing words "per month" to an adjudged sentence. The sole question in *Andrews* related to whether court members were authorized to include those words in a sentence without a prior instruction expressly authorizing their inclusion. That is a far different question from the one before this Court. Nevertheless, the Government contends that with a sentence that states forfeitures as a fraction of pay for four months rather than a specific dollar amount, as was the case in *Johnson, Smith,* and *Walker, supra,* the convening authority and this Court may treat that sentence as ordering forfeiture of two thirds of Appellant's entire four months pay, which, in turn, may be divided up on review by insertion of the words "per month."

We do not concur with that interpretation. In our view, the holdings of *Johnson, Smith*, and *Walker*, *supra*, are controlling on this issue. Accordingly, neither the convening authority nor this Court is authorized to add the words "per month" to the forfeiture portion of a court-martial's sentence. The addition of those words by the convening authority in this case served to increase the adjudged sentence in violation of RCM 1107(d)(1). In addition, the convening authority approved forfeitures that were not stated in whole dollars, as required by RCM 1003(b)(2). We will reduce the sentence to conform to these stated requirements, and, in so doing, we urge Coast Guard special court-martial judges, when adjudging sentences, to carefully follow the pertinent Rules for Courts-Martial.

II

Multiplicity Assertion

Appellant contends that the specification alleging possession of Oxycontin on divers occasions between November 2000 and March 2001 is multiplicious for findings with the four specifications alleging distribution of the substance between November 2000 and December 2000; distribution between January 2001 and March 2001; use between November 2000 and February 2001; and introduction on an installation between January 2001 and March 2001. Appellant notes that the military judge determined the possession offense to be multiplicious for sentencing with the aforementioned distribution, use, and introduction specifications, but did not dismiss the possession offense as multiplicious for findings. In this respect, Appellant submits that the judge erred and that we should correct this error by dismissing the specification and reassessing the sentence.

Citing *United States v. Lloyd*, 46 M.J. 19, 23 (1997), and *United States v. Britton,* 47 M.J. 195, 19, the Government responds by noting that a multiplicity claim is ordinarily waived by an unconditional guilty plea, which an Appellant can overcome only by showing plain error with a

demonstration that the asserted multiplicious specifications are "facially duplicative, that is, factually the same." We note that the record itself is unclear as to the precise amount of tablets purchased, used, and thus possessed by the Appellant. The record is also unclear as to whether Appellant only possessed Oxycontin incident to the charged distribution, use, and introduction offenses. The Appellant did not move to dismiss the possession specification at trial, and the possession specification is not facially duplicative of the use, distribution, and introduction specifications. The military judge accepted his plea to that specification as provident. Appellant has not carried the necessary burden to establish plain error. Furthermore, even if Appellant had established that all of the Oxycontin possessed by him was possessed only incident to the offenses of distribution, use, and introduction, requiring dismissal of the possession specification, we would find no prejudice as to sentence, since the military judge treated the possession offense as multiplicious for sentencing. This assignment of error is rejected.

Conclusion

After reviewing the record in accordance with Article 66, UCMJ, we have determined that the findings are correct in law and fact, and on the basis of the entire record should be approved. The forfeitures approved by the convening authority will be reduced to conform to the requirements of RCM 1003(b)(2) and the announced sentence by the military judge of two thirds of one month's pay, which translates to $643.00, rounded to the nearest whole dollar. The sentence is otherwise correct in law and fact, and on the basis of the entire record should be approved. Accordingly, the findings and only so much of the sentence approved below as provides for a bad conduct discharge, confinement for four months, and forfeiture of $643.00 are affirmed. All rights, privileges, and property of which Appellant has been deprived by virtue of execution of forfeitures approved by the convening authority which have not been affirmed will be restored.

Judges BRUCE and CAHILL concur.

For the Court,



Roy Shannon, Jr.
Clerk of the Court