CRAWFORD, Chief Judge
(dissenting):
If there was error in this case, it was not plain error. The test for plain error is set forth in United States v. Olano, 507 U.S. 725, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993), as modified and clarified in Johnson v. United States, 520 U.S. 461, 117 S.Ct. 1544, 137 L.Ed.2d 718 (1997):
[B]efore an appellate court can correct an error not raised at trial, there must be (1) error, (2) that is plain, and (3) that affects substantial rights. If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public perception of judicial proceedings.
Johnson, 520 U.S. at 466-67, 117 S.Ct. 1544 (internal quotations and citation omitted). See United States v. Kho, 54 MJ 63, 65 (2000) (Crawford, C.J., concurring in the result). Inextricably intertwined with this four-prong test is the Supreme Court’s admonition in United States v. Young, 470 U.S. 1, 16, 105 S.Ct. 1038, 84 L.Ed.2d 1 (1985), that “when addressing plain error, a reviewing court cannot properly evaluate a case except by viewing such a claim against the entire record.”
“Error” is best defined as a “ ‘deviation from a legal rule ... unless the rule has been waived,’ and waiver is defined as the ‘intentional relinquishment or abandonment of a known right.’ ” United States v. Carter, 236 F.3d 777, 783 (6th Cir.2001)(quoting Olano, 507 U.S. at 733, 113 S.Ct. 1770; Johnson v. Zerbst, 304 U.S. 458, 464, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938)).
An error is “plain” when it is “obvious” or “clear under current law.” Olano, 507 U.S. at 734, 113 S.Ct. 1770. An error may be said to be “plain” when the settled law of the Supreme Court or this Court manifests that an error has taken place. See United States v. Promise, 255 F.3d 150, 160 (4th Cir. 2001)(en banc). “Put another way, an error is ‘plain’ if it is ‘so egregious and obvious’ that a trial judge and prosecutor would be ‘derelict’ in permitting it in a trial held today.” United States v. Thomas, 274 F.3d 655, 667 (2d Cir.2001)(citing United States v. Gore, 154 F.3d 34, 43 (2d Cir.1998)). Although the error may not have been “plain” at the time of the court-martial proceeding, it is sufficient if the error becomes “plain” at the time of appellate consideration. See Johnson, 520 U.S. at 468, 117 S.Ct. 1544.
The third prong of the Olano test asks whether any obvious error affected appellant’s substantial rights. An error that affects substantial rights is one that is materially prejudicial. See United States v. Chapa, 57 MJ 140 (2002); see also Olano, 507 U.S. at 734, 113 S.Ct. 1770; Promise, 255 F.3d at 160; United States v. Hastings, 134 F.3d 235, 240 (4th Cir.1998). In short, a materially prejudicial error is one that affected the outcome or judgment of the court-martial proceeding. See Johnson, 520 U.S. at 467, 117 S.Ct. 1544; United States v. Jackson, 236 F.3d 886 (7th Cir.2001); United States v. Perez-Montanez, 202 F.3d 434, 442 (1st Cir. 2000). We test an error for material prejudice similar to the way we and other courts employ a harmless error analysis: would a rational fact-finder have rendered a finding of guilty absent the error? See United States v. Candelario, 240 F.3d 1300, 1307 (11th Cir.2001). Appellant has the burden of demonstrating that the first three prongs exist. See Kho, supra; see also Perez-Montanez, 202 F.3d at 442.
When, and only when, appellant demonstrates that the first three elements of the *338 plain error analysis exist, an appellate court has the discretion to remedy the plain error, “but only in cases where the error ‘seriously affects the fairness, integrity or public perception of judicial proceedings.’ ” United States v. Castillo-Casiano, 198 F.3d 787, 790 (9th Cir.1999)(quoting Johnson, 520 U.S. at 469-70, 117 S.Ct. 1544). A finding of plain error permits reversal; “even the clearest of blunders never requires reversal.” United States v. Patterson, 241 F.3d 912, 913 (7th Cir.2001); United States v. Cotton, 261 F.3d 397, 414 (4th Cir.2001)(Wilkinson, C.J., concurring in part and dissenting in part). In short, an appellate court does not notice or remedy plain error unless and until that error results in a miscarriage of justice that seriously affects the fairness, integrity, and public perception of the proceedings. See United States v. Rios-Quintero, 204 F.3d 214, 215 (5th Cir.2000); see also United States v. Johnson, 219 F.3d 349, 353 (4th Cir.2000).
In weighing this fourth prong, we are required to look at both the quality and quantity of' evidence as well as to determine whether appellant was “sandbagging” the Government by forgoing a timely objection that, if unsuccessful, might result in a different standard of review. “[T]he Supreme Court has time and again emphasized that preventing sandbagging is critically important in determining whether to notice plain error.” Promise, 255 F.3d at 194 (citing Johnson, 520 U.S. at 466, 117 S.Ct. 1544; United States v. Young, 470 U.S. 1, 15, 16 n. 13, 105 S.Ct. 1038, 84 L.Ed.2d 1 (1985); United States v. Frady, 456 U.S. 152, 163, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982); United States v. Socony-Vacuum Oil Co., 310 U.S. 150, 238-39, 60 S.Ct. 811, 84 L.Ed. 1129 (1940))(Motz, J., concurring in part and dissenting in part and dissenting in the judgment).
During the course of deliberations, the court members returned to the courtroom with several questions. One of these questions, comprised of two parts, related to an instruction which the members had received concerning the charge and specification alleging forcible sodomy with CB. Initially, the military judge had instructed the members that if appellant had an honest and mistaken belief that CB consented to the act of sodomy, he was not guilty of forcible sodomy, provided appellant’s belief was reasonable. In determining whether or not appellant was reasonably mistaken about CB’s consent, the military judge instructed: “You should also consider the accused’s age, education, experience, prior contact with [CB], the nature of any conversations between the accused and [CB] along with the other evidence on this issue.” This instruction was not only given without objection,[1] but also was proper in light of the contest over whether or not CB consented to appellant’s sexual conduct.
The second part of the members’ question was whether or not the members, as fact-finders, were also to consider appellant’s age, education, experience, and prior conduct with KAS (to include the nature of any conversations between appellant and KAS), along with the other evidence (e.g., the proximity of their ages) in determining whether or not appellant’s conduct with KAS was “indecent.”
After discussing a proposed answer with counsel in a session pursuant to Article 39(a), Uniform Code of Military Justice (UCMJ), 10 USC § 839(a), receiving no objection, and reconvening the court with the members present, the military judge responded to the members’ questions:
The first one has to do with UCMJ' 125—that’s the forcible sodomy. It ties to that in terms of the question had to do with the instruction at the bottom of page 4, which basically reads: “You should also consider the accused’s age, education, experience, prior contact with [CB], the nature of any conversation between the accused and [CB], along with the other evidence on this issue.” Then the question goes on about in the Charge under the UCMJ 134, Specification 2, which is the indecent acts with a child, which has to do with [KAS], whether you consider the accused’s age, education, experience, *339 prior contact with her, or proximity of age in determining whether the acts were indecent, as required by the third element.
Specifically why we outline this on page 4 [of the written instructions furnished to the members] is, that is specifically addressed and applies to the issue of mistake of fact, that whether the accused was mistakenly, honestly, and reasonable—his belief was that there was consent as to the sodomy—forcible sodomy. So we outline—these are the circumstances you ought to consider in weighing that—the prior contact and all those things.
Now, when you’re dealing with the other offense, we don’t specifically talk about that. But my instruction to you is you should consider all the evidence you have, and you’ve heard on the issue of what’s indecent.
And then I think that ties into the second question, which is Appellate Exhibit XIII, which says: “What definition, whether there is this gross vulgar, obscene with respect to sexual relations, do we use?” And it sort of lists some. Well, when you’re looking at indecency, you should apply the larger Air Force community. What does this Air Force community—and you reflect the Air Force community and so it’s your analysis of what you, as a community and what the Air Force community considers to be obscene, grossly vulgar. So, that’s the standard you should apply. Okay?
The military judge properly instructed that when determining the indecency of a particular act, the members were to apply it to the larger Air Force community standard. See United States v. Hullett, 40 MJ 189, 191 (CMA 1994). She also informed the members that when determining whether appellant’s conduct with KAS was “indecent,” they were to “consider all the evidence you have.” Accordingly, the members, who are presumed to follow the judge’s instructions, took into account appellant’s age, his background, and his relationship with KAS when determining whether or not the conduct was indecent.
If the military judge erred, she erred to the benefit of appellant. In effect, the military judge told the members that they were not only to apply the Manual for Courts-Martial definition of indecent in the context of an Air Force worldwide community, but that they also had to give appellant the benefit of the honest and reasonable mistake of fact instruction (which was not applicable to the offense of indecent acts). Not surprisingly, defense counsel had no objection to the windfall. Accordingly, if there was any error in the military judge’s instruction, that error inured to appellant’s benefit. The majority appears to implicitly agree with this assessment by now “discovering” error in the assistant trial counsel’s closing argument (given without objection) in order to bootstrap an apparently result-oriented conclusion, while not straying too far afield from the plain error issue specified and argued.
The standard of review for argument by counsel is whether the argument, or statements contained therein, are erroneous, and if so, whether they materially prejudice the substantial rights of appellant. See Art. 59(a), UCMJ, 10 USC § 859(a); United States v. Baer, 53 MJ 235 (2000). Failure to make a timely objection to matters contained in counsel’s argument constitutes waiver in the absence of plain error. See United States v. Ramos, 42 MJ 392, 397 (1995). There can be no plain error arising from assistant trial counsel’s argument, if the term “plain error” is properly defined. In this regard, the sagacious words of Senior Judge Cox in Baer, supra at 238, remain instructive:
However, as a threshold matter, the argument by a trial counsel must be viewed within the context of the entire court-martial. The focus of our inquiry should not be on words in isolation, but on the argument as “viewed in context.” United States v. Young, 470 U.S. 1, 16, 105 S.Ct. 1038, 84 L.Ed.2d 1 (1985); see also Dunlop v. United States, 165 U.S. 486, 498, 17 S.Ct. 375, 41 L.Ed. 799 (1897)(“If every remark made by counsel outside of the testimony were ground for a reversal, comparatively few verdicts would stand, since in the ardor of advocacy, and in the excite *340 ment of trial, even the most experienced counsel are occasionally carried away by this temptation.”). In this regard, we agree with the Government’s position that it is improper to “surgically carve” out a portion of the argument with no regard to its context. As Justice Frankfurter once commented, “In reviewing criminal cases, it is particularly important for appellate courts to re-live the whole trial imaginatively and not to extract from episodes in isolation abstract questions of evidence and procedure. To turn a criminal appeal into a quest for error no more promotes the ends of justice than to acquiesce in low standards of criminal prosecution.” Johnson v. United States, 318 U.S. 189, 202, 63 S.Ct. 549, 87 L.Ed. 704 (1943)(Frankfurter, J., concurring).
I also find that the evidence is legally sufficient to support appellant’s conviction for indecent acts. Case law from this Court is abundantly clear—indecency (be it an act or language) is case and fact specific. The majority agrees. 57 MJ at 335. “Under some circumstances a particular act may be entirely innocent; under other conditions, the same act constitutes a violation of the [UCMJ].” United States v. Holland, 12 USCMA 444, 445, 31 CMR 30, 31 (1961). See United States v. Sever, 39 MJ 1 (CMA 1994)(whether kissing a child constitutes indecent assault depends upon surrounding circumstances); United States v. Cottrill, 45 MJ 485 (1997)(penetrating three-and-a-half-year-old daughter’s vagina while giving her a bath constituted an indecent act); United States v. French, 31 MJ 57 (CMA 1990)(asking stepdaughter under the age of 16 for permission to climb into bed with her communicated indecent language). It is the fact-finders who heard the evidence and placed appellant’s actions with KAS in context.
Furthermore, age of the “child” is important and certainly element dispositive[2] when judging the legal sufficiency of an offense involving indecent acts with a child. See United States v. Tindoll, 16 USCMA 194, 36 CMR 350 (1966); French, supra. Potential maximum confinement increases with a conviction for indecent acts when committed on a person under 16 years of age. Accordingly, it is necessary to focus on the (1) character of the conduct; (2) the age of the participants; and (3) the surrounding circumstances. See United States v. Strode, 43 MJ 29 (1995); United States v. Stocks, 35 MJ 366 (CMA 1992).
The facts clearly show appellant, albeit young and immature, got caught when three females with whom he was having relations short of sexual intercourse reported his conduct to proper authorities. Secondly, as Charge II and its specifications reveal, appellant was ordered by a lieutenant colonel on August 3,1999, to have no contact with KAS, as well as to stay out of the Bob Hope Community Center (where he met high school girls). He disobeyed both orders. The evidence shows that most of the intimate contact between KAS and appellant took place in August. Consequently, we can infer that when the indecent acts occurred, appellant had already been ordered to stay away from KAS. Clearly, the fact-finders could consider this in determining whether or not appellant’s conduct with KAS was service discrediting.
As Strode, supra, and Stocks, supra, teach: “sexual acts may be made the basis for an indecent-acts offense if the resulting conduct is service-discrediting or if the acts constitute foreplay to the ultimate criminal sexual acts of sodomy or carnal knowledge.” Strode, 43 MJ at 32. Had appellant’s foreplay with KAS, whom appellant knew to be 15 years of *341 age, led to actual sexual intercourse, he would have been guilty of carnal knowledge. The evidence also reflects that KAS and appellant discussed sexual intercourse, but KAS told him “no.” Accordingly, a rational fact-finder could determine that appellant’s conduct with KAS was indecent, accomplished to satisfy his sexual desires, and was service discrediting under the facts of this case.
Even if one were able to agree with the majority’s analysis that the judge’s instructions were “not sufficient to permit the members to intelligently decide this unusual case,” 57 MJ at 334-35, there could not possibly be “plain error” as the Supreme Court, this Court, and other federal circuit courts have defined that term. Accordingly, I would affirm the United States Air Force Court of Criminal Appeals.

. See R.C.M. 920(f), Manual for Courts-Martial, United States (2000 ed.)(failure of counsel to object to instructions constitutes waiver absent plain error).

. The elements for indecent acts with a child where physical contact is involved are: (a) that the accused committed a certain act upon or with the body of a certain person; (b) that the person was under 16 years of age and not the spouse of the accused; (c) that the act of the accused was indecent; (d) that the accused committed the act with intent to arouse, appeal to, or gratify the lust, passions, or sexual desires of the accused, the victim, or both; and (e) that, under the circumstances, the conduct of the accused was to the prejudice of good order and discipline in the armed forces or was of a nature to bring discredit upon the armed forces. Para. 87, Part IV, Manual, supra. Accordingly, once KAS’s age was established as 15, her consent or lack thereof to appellant’s sexual activity during dating was no longer at issue. A 15-year-old cannot legally consent to conduct which otherwise meets the definition of indecent.