# UNITED STATES COAST GUARD COURT OF CRIMINAL APPEALS
## Washington, D.C.

## UNITED STATES

### v.

## Joshua D. NEASE
## Quartermaster Third Class (E-4), U.S. Coast Guard

## CGCMS 24225

## Docket No.  1166

## 6 November 2002

Special Court-Martial convened by Commander, U.S. Coast Guard Group New Orleans.  Tried at New Orleans, Louisiana, 27 September 2001.

| | |
|---|---|
| Military Judge: | CDR Bradley R. Mozee, USCG |
| Trial Counsel: | LCDR David L. Nichols, USCG |
| Defense Counsel: | LT William A. Lund, JAGC, USNR |
| Appellate Defense Counsel: | CDR Jeffrey C. Good, USCG |
| Appellate Government Counsel: | LT Sandra J. Miracle, USCG |

### BEFORE
### PANEL EIGHT
### BAUM, PALMER, & CAHILL
Appellate Military Judges

Per Curiam:

Appellant was tried by special court-martial, military judge alone.  Pursuant to his pleas of guilty, entered in accordance with a pretrial agreement, Appellant was found guilty of the following offenses: one specification of wrongful use of Valium; one specification of wrongful use of Vicodin; two specifications of wrongful use of 3, 4-methylenedioxymethamphetamine (MDMA), commonly known as "Ecstasy;" one specification of wrongful use of cocaine; one specification of wrongful possession of amphetamine; and one specification of wrongful use of marijuana, in violation of Article 112a, Uniform Code of Military Justice.

Appellant was sentenced by the military judge to a bad conduct discharge, confinement for 90 days, reduction to E-1, and "forfeiture of two-thirds pay for three months."  The convening authority approved the sentence as adjudged, which was permitted by the terms of the pretrial agreement.  Before this Court, Appellant submits that the adjudged and approved "forfeiture of two-thirds pay for three months" is ambiguous and should be disapproved, noting that the forfeiture is not stated in whole dollars, as required by RCM 1003(b)(2), and, does not

clearly reflect whether the amount forfeited is per month for three months or, instead, is for one month apportioned over three months.[1] Recently, in *United States v. Burkett*, 57 M.J. 618 (C.G.Ct.Crim.App. 2002), this Court was confronted with the same issue and resolved the question by affirming a stated dollar amount of forfeitures for one month. Based on *Burkett*, we will take the same action in this case.

Appellant also notes that Appellate Exhibit VIII (Appellate Rights) is missing from the record of trial and questions whether this deficiency prevents the record from being verbatim, as required when a bad conduct discharge is adjudged. Citing *United States v. Henry,* 53 M.J. 108,110 (2000), however, Appellant agrees that insubstantial omissions from a record of trial do not affect that record's characterization as a complete one. We deem the missing exhibit to be an insubstantial omission, and not one affecting the verbatim nature of the record.

In light of the foregoing, and after reviewing the record in accordance with Article 66, UCMJ, we have determined that the findings are correct in law and fact, and on the basis of the entire record should be approved. The forfeitures will be stated in whole dollars to conform to the requirements of RCM 1003(b)(2) and they are deemed by this Court to be for one month. The sentence is otherwise correct in law and fact, and on the basis of the entire record should be approved. Accordingly, the findings and only so much of the sentence approved below as provides for a bad conduct discharge, confinement for 90 days, reduction to E-1, and forfeiture of $695 for one month are affirmed. All rights, privileges, and property of which Appellant has been deprived by virtue of execution of forfeitures approved by the convening authority, which have not been affirmed, will be restored.

Judges Palmer and Cahill concur.



For the Court,


Roy Shannon, Jr.
Clerk of the Court

---

[1] Under the Rules for Court-Martial (RCM), "[u]nless a total forfeiture is adjudged, a sentence to forfeiture shall state the exact amount in whole dollars to be forfeited each month and the number of months the forfeiture will last." RCM 1003(b)(2). Moreover, Appendix 11, of the Manuel for Courts-Martial (MCM)(2000 ed.) provides an example of how forfeitures should be stated: "[T]o forfeit $_____ pay per month for _____ (months) (years)." MCM App. 11(a)-(b)(3) (2000 ed.).