# UNITED STATES COAST GUARD COURT OF CRIMINAL APPEALS
## Washington, D.C.

## UNITED STATES

### v.

### David D. RENDON
### Seaman (E-3), U.S. Coast Guard

### CGCMS 24226

### Docket No.  1168

### 26 November 2002

Special Court-Martial convened by Commanding Officer, U.S. Coast Guard Training Center Yorktown.  Tried at Norfolk, Virginia, 17 October 2002.

| | |
|---|---|
| Military Judge: | CDR Matthew J. Glomb, USCG |
| Trial Counsel: | LCDR Larry R. Kennedy, USCG |
| Detailed Defense Counsel: | LT Mark A. Cunningham, USCG |
| Civilian Defense Counsel: | Larry M. Dash, Esq. |
| Appellate Defense Counsel: | CDR Jeffrey C. Good, USCG |
| Appellate Government Counsel: | LT Daniel J. Goettle, USCG |

## BEFORE
## PANEL NINE
## BAUM, BRUCE, & PALMER
Appellate Military Judges

BRUCE, Judge:

Appellant was tried by special court-martial, military judge alone.  Pursuant to his pleas of guilty, entered in accordance with a pretrial agreement, Appellant was found guilty of the following offenses:  one specification of an attempt to wrongfully distribute some quantity of lysergic acid diethylamide (LSD), in violation of Article 80, of the Uniform Code of Military Justice (UCMJ); five specifications of wrongful use of 3, 4-methylenedioxy methamphetamine (MDMA), commonly known as "Ecstasy," one specification of wrongfully distributing some quantity of  "Ecstasy," one specification of wrongful possession of some quantity of "Ecstasy," one specification of an attempt to use LSD, and two specifications of wrongful use of LSD, in violation of Article 112(a), UCMJ.

Appellant was sentenced by the military judge to a bad conduct discharge, confinement for 60 days, reduction in rate to E-1, and "forfeiture of one-half pay for 6 months."  In addition, the military judge stated that the 60 days of confinement would be reduced by 39 days credit for

previous restriction, which the judge found to be tantamount to confinement, leaving a net balance of 21 days confinement to be served. The convening authority approved the sentence as adjudged, and credited Appellant with 39 days against his sentence to confinement. The court-martial order issued by the convening authority states that the sentence adjudged by the court included "forfeiture of $521 pay per month for six months." The court-martial order also misstates the finding with respect to specification 4 of Charge II as guilty of wrongfully distributing "Ecstasy," when the finding was actually guilty of wrongful use of "Ecstasy." The court-martial order should be corrected to accurately reflect the findings and sentence.

## I. The Action on Appellant's Forfeitures

Appellant has assigned one error, that the convening authority approved forfeitures in excess of those adjudged by the military judge. As we have noted, the court-martial order did not accurately report the sentence announced by the military judge. The convening authority's action only states that the "sentence" is approved. We do not know if the convening authority intended this to refer to the sentence announced or the sentence reported in the court-martial order. In our view, the real deficiency in the convening authority's action is that it did not effectively deal with the military judge's error in announcing the forfeitures. As a result, it is not clear that the convening authority approved forfeitures in an amount consistent with our decision in *United States v. Burkett,* 57 M.J. 618 (C.G.Ct.Crim.App. 2002).[1]

The military judge erroneously announced the forfeitures by failing to state the exact amount in whole dollars to be forfeited each month, as required by Rule for Courts-Martial (RCM) 1003(b)(2). Because the convening authority's action did not effectively deal with the error, we must correct this error just as we did in *United States v. Burkett, supra*.

The convening authority is only required to act on the sentence, Article 60(c)(2), UCMJ—action on the findings is at the convening authority's discretion, Article 60(c)(3), UCMJ. Convening authorities performing their duty to act on the sentence should, with the assistance of their staff judge advocate, correct errors in the sentence and only approve a sentence if it is lawful.

## II. Application of RCM 305(k) Credit

In addition to the assigned error, we note that the military judge granted Appellant 39 days of *Mason*[2] credit for restriction tantamount to confinement, but rejected Appellant's request for RCM 305(k) credit. Appellate Ex. XV, R. at 101-05. Although Appellant has not renewed his request for RCM 305(k) credit on appeal, we find that the military judge erred in refusing to grant this credit.

The issue of RCM 305(k) credit for restriction tantamount to confinement was recently revisited by the Court of Appeals for the Armed Forces, in *United States v. Chapa*, 57 M.J. 140 (2002). The majority in *Chapa* held that the issue had been waived, because at trial the

---

[1] We recognize that the convening authority acted on this case before *Burkett* was published, but our decision in *Burkett* did not create new law. We merely applied prior precedents addressing irregularly announced forfeitures.
[2] 19 M.J. 274 (CMA 1985)(summary disposition).

Appellant did not assert any violation of RCM 305. Their decision did not express any reservations about the continuing validity of *United States v. Gregory*, 21 M.J. 952 (ACMR 1986), *aff'd*, 23 M.J. 246 (CMA 1986)(summary disposition), which held that RCM 305 applies to restriction tantamount to confinement.

There were separate opinions by Judge Baker and Judge Sullivan, however, that did question whether RCM 305 should apply to restriction tantamount to confinement. *Chapa*, 57 M.J. at 143-47. In Judge Baker's opinion, he questioned whether the Court of Appeals for the Armed Forces has expressly held that RCM 305 applies to restriction tantamount to confinement. *Id*. at 144. Judge Baker advanced some arguments against applying RCM 305 to restriction tantamount to confinement that are similar to those that the military judge in Appellant's case relied on. Those are: that the literal terms of RCM 305 apply to pretrial confinement, but not to pretrial restriction; and, that being the case, it is unlikely that any commander placing an accused in pretrial restriction would even consider applying the requirements of RCM 305 to that situation. *Id*. Judge Sullivan also stated that under a literal reading of the Manual for Courts-Martial, RCM 305 should not apply to restriction tantamount to confinement. *Id*. at 147.

While these separate opinions may signal a future shift in the Court's position, it appears to us that *Gregory* remains good law. Moreover, where restriction truly is tantamount to confinement, we can see a potential for abuse if RCM 305 does not apply to it. If a commander may place an accused in what is roughly the equivalent of pretrial confinement without affording the accused the protections of RCM 305, there may be a strong incentive to do so—especially in a case where the basis for pretrial confinement might not stand up to an independent review. If the only remedy for time spent in restriction tantamount to confinement is day for day *Mason* credit, the commander could circumvent the protections afforded the accused by RCM 305 without the risk of additional sanctions. This potential for abuse provides a sound reason to adhere to the precedent set in *Gregory.* Treating restriction tantamount to confinement as confinement under RCM 305 eliminates any advantage for the commander, and reduces the potential for abuse.

At trial, Appellant asserted that his command failed to provide an independent review within seven days of the imposition of onerous restraints on his liberty. Appellate Ex. V. The Government did not dispute the point. In fact, in the Government's trial brief in response to Appellant's motion, the Government argued that Appellant was not entitled to RCM 305 credit only because, in the Government's view, the restriction was not tantamount to confinement. Appellate Ex. VI. However, at the motion hearing, trial counsel argued that RCM 305 credit should not be granted even if the restriction was tantamount to confinement, "despite the case law." R. at 94. We do not question the military judge's finding that Appellant's restriction was tantamount to confinement. In view of that finding, however, we find that the military judge erred in failing to grant Appellant RCM 305(k) credit.

In *United States v. Redlinski,* 56 M.J. 508, 516 (C.G.Ct.Crim.App. 2001), we had occasion to calculate RCM 305(k) credit. We will follow *Redlinski* in calculating Appellant's RCM 305(k) credit. The military judge found that Appellant's restriction between July 24, 2001 and August 31, 2001, inclusive, was tantamount to confinement. The time for the seven-day review expired on July 30, 2001. Accordingly, Appellant should receive RCM 305 credit for the

period from July 30, 2001 to August 31, 2001.  We count both the day the violation of RCM 305 began and the day that Appellant's restriction was relaxed, so as to no longer be tantamount to confinement.  *See Redlinski*, 56 M.J. at 516.  This amounts to 33 days of RCM 305(k) credit. We will apply this credit in our action on Appellant's sentence.

After reviewing the record in accordance with Article 66, UCMJ, we have determined that the findings are correct in law and fact, and, on the basis of the entire record, should be approved.  The announced and approved forfeiture of one-half pay for six months will be modified to conform to the requirements of RCM 1003(b)(2) and *United States v. Burkett, supra*. The sentence is otherwise correct in law and fact, and on the basis of the entire record should be approved.  Accordingly, the findings and only so much of the sentence approved below as provides for a bad conduct discharge, confinement for 60 days, reduction in rate to E-1, and forfeiture of $521 are affirmed.

Appellant received 39 days confinement credit against his sentence of 60 days confinement.  This left 21 days confinement to be served by Appellant.  Appellant actually was confined for 11 days from October 17, 2001 to October 27, 2001.  Appellant's Assignment of Errors and Br. at 1-2.  Because Appellant was confined for less than 14 days, he was not subject to automatic forfeitures.  Article 58b(a)(1), UCMJ.  As Appellant has served his sentence to confinement, we will first apply the RCM 305(k) credit against Appellant's approved and affirmed forfeitures.  *United States v. Russell*, 30 M.J. 977, 979-80 (ACMR 1990).  We equate the forfeiture of one half of Appellant's pay for one month to 15 days of RCM 305(k) credit.[3] We will apply the remaining 18 days of credit against Appellant's sentence to confinement, although we recognize that this will have no practical effect.  In any case, the remaining credit may not be applied to Appellant's reduction in grade or punitive discharge, the only other elements of Appellant's sentence remaining.  RCM 305(k).

BAUM, Chief Judge and PALMER, Judge concur.



For the Court,


Roy Shannon, Jr.
Clerk of the Court

---

[3] One day of confinement is equal to one day of total forfeitures.  RCM 305(k).  It would appear to follow that one-day of confinement is equal to two days of half forfeitures.