UNITED STATES, Appellee,

v.

Private First Class Donald G. BEN-
NETT, 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, United States
Army, Appellant.

SPCM 22270.

U.S. Army Court of Military Review.

7 Nov. 1986.

For Appellant: Lieutenant Colonel Paul
J. Luedtke, JAGC, Captain Kathleen A.
Vanderboom, JAGC, Captain Lida A. Stout,
JAGC (on brief).

For Appellee: Colonel Norman G. Coo-
per, JAGC, Lieutenant Colonel Gary F. Ro-
berson, JAGC, Major Byron J. Braun,
JAGC, Captain Daniel N. Velling, JAGC–
USAR (on brief).

Before PAULEY, MILLER and
De GIULIO, Appellate Military Judges.

## OPINION OF THE COURT

DE GIULIO, Judge:

In accordance with his plea, appellant was found guilty of four specifications of being absent without leave in violation of Article 86, Uniform Code of Military Justice, 10 U.S.C. § 886 (1982). He was sentenced to a bad-conduct discharge, confinement for 110 days, forfeiture of $426.00 pay per month for four months, and reduction to Private E-1. Pursuant to a pretrial agreement, the convening authority reduced the forfeitures to $426.00 pay per month for three months and the confinement to three months, but otherwise approved the sentence.

For the first time, on appeal, the appellant asserts that his pretrial restriction from 27 through 29 December 1985 is tantamount to confinement and that he is now entitled to alternative relief as he has already served his time in confinement. We disagree.

Because the appellant did not raise this issue at trial, the circumstances surrounding his restriction were not developed in the record of trial. From the stipulation of fact, we know only that appellant was restricted to his barracks and could not leave the charge of quarters area without an escort. Notwithstanding an inadequate development of such facts, we believe the resolution of the issue in this case can be decided based on reasoning set out in *United States v. Palmiter*, 20 M.J. 90 (C.M.A. 1985). In *Palmiter*, the allegation of illegal conditions of confinement was raised for the first time after trial. Writing for the Court of Military Appeals, Judge Cox stated, "The failure to raise this issue while undergoing pretrial confinement will be strong evidence that the confinee was not illegally punished prior to trial." *Id.* at 97. We believe that the same reasoning should apply, in an analogous fashion, to issues of restriction tantamount to confinement.[1]

---

1. This opinion is not inconsistent with *United States v. Ecoffey,* CM 447363 (A.C.M.R. 23 Octo-  ber 1986), in which this court held that 90 days from the date of that opinion the issue of ad-

The reasoning in *Palmiter, supra,* is particularly applicable in this case where appellant did object at trial to another period of restriction. In the case *sub judice,* appellant raised at trial the issue of restriction tantamount to confinement for the period 11 through 13 February, a different period of restriction than now at issue. It is clear to us that at the time of trial appellant did not consider the other period of restriction so onerous as to be tantamount to confinement because he did not object to it. We hold, therefore, that appellant's failure to object to his restraint at trial is strong evidence that his restriction is not tantamount to confinement. This evidence, coupled with the sparse evidence of record concerning the conditions of appellant's restriction, and applying the factors set forth in *United States v. Smith,* 20 M.J. 528, 530 (A.C.M.R.1985), leads us to conclude that the appellant's restriction was not tantamount to confinement.

The findings of guilty and the sentence are affirmed.

Senior Judge PAULEY and Judge MILLER concur.

ministrative credit for restriction tantamount to confinement is waived unless raised at trial.