**UNITED STATES, Appellee,**

v.

**Private First Class Michael H. LASSITER, 456–27–8106, United States Army, Appellant.**

**ACMR 9102328.**

U.S. Army Court of Military Review.

8 Oct. 1992.

For Appellant: Captain Robin N. Swope, JAGC, Captain Robert L. Carey, JAGC (on brief).

For Appellee: Colonel Dayton M. Cramer, JAGC, Lieutenant Colonel Joseph A. Russelburg, JAGC, Major Kenneth T. Grant, JAGC, Captain Steven M. Walters, JAGC (on brief).

Before De GIULIO, ARKOW, and WALCZAK, Appellate Military Judges.

OPINION OF THE COURT

DE GIULIO, Senior Judge.

Appellant was tried by a military judge sitting as a general court-martial. Pursuant to his pleas, he was found guilty of attempting to destroy mail, larceny, and stealing mail, in violation of Articles 80, 121, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 880, 921, and 934 (1982) [hereinafter UCMJ]. He was sentenced to a dishonorable discharge, confine-

ment for four years, total forfeitures, and reduction to Private E1. In compliance with a pretrial agreement, the convening authority reduced the confinement to nineteen months, but otherwise approved the sentence.

Appellant asserts that he is entitled to administrative credit for being subjected to unlawful pretrial punishment and restriction tantamount to confinement. He also asserts that his trial defense counsel was ineffective for failing to request administrative credit for pretrial restriction tantamount to confinement. We find the assertions of error without merit and affirm the findings of guilty and the sentence.

On 3 October, at a session conducted under the provisions of Article 39(a) of the Uniform Code of Military Justice (UCMJ), trial defense counsel informed the military judge that the data as to restraint which indicated "NA" was incorrect. She informed the military judge that appellant had been restricted from 30 July to 3 October 1991. Because of the trial counsel's professed lack of knowledge concerning the restriction, the military judge instructed both counsel to be prepared to present their positions on restraint at the next session of the court-martial.

■ At the next session, conducted on 15 October 1991,[1] the following colloquy occurred:

TC: Yes, Your Honor. There were several corrections made to the charge sheet. First of all, in block 8 it was previously listed as "Not Applicable." That has changed to "Restricted to Ray Barracks, Friedberg, Germany." The dates imposed were from 30 July 1991 until 3 October 1991.

MJ: I have not received a motion with respect to this, so I take it that this is not restriction tantamount to confinement. Is that correct?

DC: No, Your Honor. The defense believes that it was not.

MJ: The defense—well, I just indicated that I haven't received a motion, so I take it that you do not believe it to be restriction tantamount to confinement.

DC: Yes, sir.

During her sentencing argument, trial defense counsel informed the military judge that she had been authorized by appellant to argue for a punitive discharge but no confinement so appellant would not be kept away from his family and thus disrupt it. In addition, included in a submission to the convening authority under the provisions of R.C.M. 1105, is a letter which states, in pertinent part, "But I believe my punishment is excessive. *Before my court-martial I was restricted to post for over two month* (sic), *thus unable to go home to my wife.*" (emphasis added).

Before this Court, for the first time, appellant asserts that his restriction was tantamount to confinement and alleges his counsel was ineffective for not raising the issue at trial. In an affidavit,[2] appellant states that three soldiers were assigned to provide a twenty-four-hour guard over him. He states that, by order of his commander, the guards were to escort appellant wherever he went and were to be within fifteen feet of him at all times. He also states that he was ordered to move into the same room as his escorts and that they escorted him to the latrine and to the shower. Any time that he left the company area, he and his escort had to check with the battalion staff duty noncommissioned officer. He claims that during the duty day he was escorted to the battalion headquarters where he was guarded by the adjutant or staff duty officer. He was not allowed off post except to see his attorney. Therefore, his fiance and her family had to visit him on post under strict limitations, such as

1. In his brief, appellant alleges that the issue of restriction tantamount to confinement was raised during a session conducted pursuant to Manual for Courts–Martial, United States, 1984, Rule for Courts–Martial 802 [hereinafter R.C.M.]. The discussion quoted in this opinion was recorded during an Article 39(a), UCMJ session.

2. This Court initially admitted the affidavit as it relates to appellant's assertion of ineffective assistance of counsel. After further consideration, we will also consider the affidavit as it relates to issues presented pursuant to *United States v. Grostefon,* 12 M.J. 431 (C.M.A.1982).

three hours on weekdays and until 2100 hours on weekends. He states that previous permission to marry was revoked, the chaplain denied him the use of the on-post chapel for the marriage, and he was married on the baseball field by a German official. He further states his restriction was brought to the attention of the military judge during a recess on 3 October 1991, who told the prosecutor there was no need for such restriction and to inform the command. He indicated that the prosecution stated that they were unaware of the restriction. Upon return to his unit, the restriction was lifted and he was allowed to return home for the first time in sixty-five days. Appellant further states, "My defense attorney, Captain (CPT) [A], assured me that this time would be counted as pretrial (sic) confinement. At my court martial (sic) the judge asked if my restriction was tantamount to confinement. CPT [A] said yes, but nothing was ever done."

In an affidavit concerning the assertion by appellant of ineffective assistance of counsel, trial defense counsel states that, in her first meeting with appellant during the last week of August of 1991, she questioned appellant concerning, *inter alia*, restriction. Her questions were designed to elicit information to help spot any issue as to restriction tantamount to confinement. Appellant related to her that he was restricted to Ray Barracks (post). She informed him that he did not appear to be a flight risk and that she would talk to the prosecutor about getting the restriction lifted. She stated she had been successful in getting restriction lifted in the past by going through the prosecutor. She stated that, contrary to appellant's affidavit, she told him that he would not get day-for-day credit for his restriction, that his restriction would be mentioned at trial, and that it would be a mitigating factor that might cause the military judge to "go lighter on you." She stated that appellant never told

her of the restriction as he now describes it in his affidavit. She further notes that appellant never appeared at her office with three escorts, that he had one escort at most, and that she was never made aware by appellant or an escort of a fifteen-foot rule. She was surprised at arraignment when she discovered that the restriction to post had not been lifted. She mentioned the restriction to the trial counsel who intervened that day and the restriction was ended. She denied that the military judge told trial counsel to end the restriction.[3]

It is now well established that restriction determined to be tantamount to confinement entitles an accused to administrative credit against his sentence to confinement. *See United States v. Mason*, 19 M.J. 274 (C.M.A.1985) (summary disposition); *United States v. Allen*, 17 M.J. 126 (C.M.A. 1984). *See also* R.C.M. 305(j)(2).[4] This Court has held that failure to object at trial waives the issue. *United States v. Ecoffey*, 23 M.J. 629 (A.C.M.R.1986). It has also been held that failure to raise the objection at trial is strong evidence that the restriction was not tantamount to confinement. *United States v. Bennett*, 23 M.J. 664 (A.C.M.R.1986). Where trial defense counsel has stated on the record that the restriction was not claimed to be tantamount to confinement, it has been held that appellant failed to establish his entitlement to administrative credit. *See United States v. Guerrero*, 28 M.J. 223, 225 (C.M.A.1989).

Under the circumstances of the case before us, we hold that appellant's restriction was not tantamount to confinement.

■ Recognizing, no doubt, the problem created by trial defense counsel stating on the record that the restriction was not tantamount to confinement, appellant now alleges his counsel was ineffective. We have examined the affidavits of appellant and

3. Trial defense counsel's affidavit contains serious allegations against appellant concerning the truth of his affidavit and the authenticity of some of the matters submitted by appellant to this Court. The presentation to this Court of false matter should be investigated by appropriate authorities.

4. The circumstances to be considered in determining if restriction is tantamount to confinement are set forth in *United States v. Smith*, 20 M.J. 528 (A.C.M.R.1985).

the trial defense counsel. We find trial defense counsel's affidavit most credible. We hold that appellant has failed to establish that counsel's conduct of the defense fell below the standards set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

The assertion of error personally raised by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A.1982) is also without merit.

The findings of guilty and the sentence are affirmed.

Judge ARKOW and Judge WALCZAK concur.