**UNITED STATES, Appellee**

v.

**Trinidad E. PEREZ III, Airman Basic**
**U.S. Air Force, Appellant.**

No. 95–0818.
Crim. App. No. S28853.

U.S. Court of Appeals for
the Armed Forces.

Argued May 21, 1996.

Decided Sept. 30, 1996.

For Appellant: *Major Del Grissom* (argued); *Colonel Jay L. Cohen* and *Major George F. May* (on brief).

For Appellee: *Captain Deborah M. Carr* (argued); *Lieutenant Colonel Michael J. Breslin* (on brief).

*Opinion of the Court*

COX, Chief Judge:

Appellant was tried by a military judge sitting alone as a special court-martial at Malmstrom Air Force Base, Montana. Pursuant to his pleas, he was convicted of larceny of various amounts of United States currency (4 specifications). Contrary to his pleas, he was also convicted of one additional specification of larceny of a wallet and $30,000, all in violation of Article 121, Uniform Code of Military Justice, 10 USC § 921. He was sentenced to a bad-conduct discharge as well as confinement and forfeiture of $500 pay per month for 4 months. The sentence was approved by the convening authority. The findings and sentence were affirmed by the Court of Criminal Appeals 1995 WL 126663, in an unpublished opinion, with a credit of $217.28 being ordered against the forfeitures.

Shortly before his trial began, appellant's defense counsel informed the military judge that he had just learned that appellant had been "restricted to the limits of Malmstrom Air Base, pursuant to a written order from his commander, without any kind of due process." The military judge responded that a formal motion concerning this would be required "for appropriate relief and response from the Government."

The matter was litigated during the sentencing portion of the trial. Ultimately, the military judge ruled that appellant was entitled to administrative credit against his sentence for the time he was restricted. However, the military judge did not make clear whether he had in fact given appellant this credit. Unpub. op. at 4. The Government conceded on appeal below that appellant should have been given the credit for the time he was restricted. *Id.* The Court of Criminal Appeals declined to give any additional credit for a violation of the rule we announced in *United States v. Rexroat*, 38 MJ 292 (1993).

We granted (43 MJ 234) appellant's petition to consider whether the Court of Criminal Appeals erred when it held that appellant had not preserved the issue for review, citing *United States v. McCants*, 39 MJ 91 (CMA 1994).*

*Rexroat* established that a military member is entitled to a hearing by an impartial magistrate or commander within 48 hours of being ordered into pretrial confinement. The purpose of the hearing is to determine whether probable cause exists to accuse the member of an offense under the Uniform Code of Military Justice. *County of Riverside v. McLaughlin*, 500 U.S. 44, 111 S.Ct. 1661, 114 L.Ed.2d 49 (1991). The right to a hearing is recognized and preserved in RCM 305, Manual for Courts–Martial, United States (1995 ed.), subject to the *Rexroat* time limitations.

However, we have never extended the requirement for a probable-cause hearing to pretrial restriction. It is well-recognized that the restrictions on a servicemember's freedom via command-ordered restriction may be as onerous as actual pretrial confinement. *United States v. Allen*, 17 MJ 126 (CMA 1984); *see United States v. Lassiter*, 35 MJ 831 (ACMR 1992); *United States v. Sassaman*, 32 MJ 687 (AFCMR 1991). Nevertheless, the requirements of *Rexroat* are founded upon constitutional notions of due process to address the evil of police confining citizens in a common jail without the benefit of a judicial officer considering the facts and evidence to determine if probable cause exists. While, arguably, the same considerations apply to the military "restriction," there is in fact a world of difference between restriction and confinement. Military commanders may restrict servicemembers for a variety of nonjudicial reasons, i.e., to ensure readiness, presence for duty, compliance with orders, or otherwise. Even if a servicemember is restricted pending either administrative or judicial disposition of charges against him or her, the amount and type of restriction is unlimited except as to the facts and circumstances of each case.

Importantly, the servicemember also receives administrative credit for pretrial restriction if, in fact, it is "tantamount" to confinement. *See* RCM 305(j)(2); *United States v. Allen* and *United States v. Sassaman*, both *supra*. We are not so naive as to believe that there may not be cases where the conditions of restriction are exactly like confinement. For example, an officer might be either "restricted" to quarters or "confined" to quarters, there being no factual distinction between the moral restraints imposed in either case. *Sassaman* is a good example. Thus, there may be cases where the literal requirements of *Rexroat* and RCM 305 apply to a particular restriction with equal force as to confinement. This is not such a case, and we are not prepared to adopt a bright-line rule that would impose a duty on the military to have a probable-cause hearing before a commander can restrict a member. The existing rules and procedures found in the Manual for Courts–Martial and the various service regulations provide adequate guidelines and protections for servicemembers against unconstitutional deprivations of liberty as far as such deprivations relate to restriction.

Because we hold that no probable-cause hearing was required by the Uniform Code of Military Justice, the Constitution, or *Rexroat* under the circumstances of this case, we need not address whether the Court of Criminal Appeals erred in its holding that appellant waived any claim for relief by not raising

---

* This is the issue which is before us:

WHETHER THE AIR FORCE COURT OF CRIMINAL APPEALS ERRED WHEN IT HELD THAT APPELLANT HAD NOT RAISED THE ISSUE AT TRIAL OF A LACK OF A TIMELY MAGISTRATE'S *MCLAUGH-*LIN/REXROAT REVIEW; THUS WAIVING THE ISSUE AND THEREFORE, WAS NOT ENTITLED TO SIX ADDITIONAL DAYS OF SENTENCE CREDIT.

The Government's Answer misstates the Granted Issue, which is taken from the Supplement or the Grant Order.

the question at trial. Appellant received all the relief to which he was entitled.

The decision of the United States Air Force Court of Criminal Appeals is affirmed.

Judges SULLIVAN, CRAWFORD, and GIERKE, and Senior Judge EVERETT concur.