UNITED STATES, Appellant

V.

David D. RENDON, Seaman (E-3)
U.S. Coast Guard, Appellee

No. 03-5001/CG

Crim. App. No. 1168

United States Court of Appeals for the Armed Forces

Argued March 11, 2003

Decided May 14, 2003

ERDMANN, J., delivered the opinion of the Court, in which
CRAWFORD, C.J., GIERKE, EFFRON, and BAKER, JJ., joined.

<u>Counsel</u>

For Appellant: Lieutenant Daniel J. Goettle (argued).

For Appellee: Commander Jeffrey C. Good (argued).

Military Judge:  Mathew J. Glomb

THIS OPINION IS SUBJECT TO EDITORIAL CORRECTION BEFORE FINAL PUBLICATION.

Judge ERDMANN delivered the opinion of the Court.

Appellee, Seaman (E-3) David D. Rendon, was tried by special court-martial at the United States Coast Guard Training Center, Yorktown, Virginia. Pursuant to his pleas he was convicted of attempting to distribute lysergic acid diethylamide (LSD), attempting to use LSD, distribution of Ecstasy, five specifications of using Ecstasy, two specifications of using LSD, and possessing Ecstasy, in violation of Articles 80 and 112a, Uniform Code of Military Justice [hereinafter UCMJ], 10 U.S.C. 880 and 912a (2000), respectively.

Appellee was sentenced by a military judge to a bad-conduct discharge, confinement for 60 days, forfeiture of "one-half pay for six months," and reduction to E-1.[1] The promulgating order erroneously reported the adjudged sentence as a bad-conduct discharge, confinement for 60 days, "forfeiture of $521 pay per month for six months," and reduction to E-1. Without clarifying this discrepancy between the actual adjudged sentence and the incorrect version reflected on the promulgating order, the convening authority purported to approve the sentence as adjudged.

The Coast Guard Court of Criminal Appeals corrected any error or confusion with respect to the forfeitures by affirming only so much of the sentence as provided for a bad-conduct discharge, confinement for 60 days, forfeiture of $521.00, and

---

[1] The military judge erred in announcing the sentence. Rule for Courts-Martial 1003(b)(2) requires that, unless total forfeiture is adjudged, the amount of forfeitures adjudged be stated in exact dollars.

reduction to E-1.  United States v. Rendon, 57 M.J. 795, 797 (C.G. Ct. Crim. App. 2002).

On December 26, 2002, the General Counsel of the Department of Transportation certified the following issue pursuant to Article 67(a)(2), UCMJ, 10 U.S.C. 867(a)(2) (2000):

> DID THE COAST GUARD COURT OF CRIMINAL APPEALS ERR WHEN IT SUA SPONTE HELD THAT THE MILITARY JUDGE SHOULD HAVE GRANTED – IN ADDITION TO THE MASON CREDIT AWARDED AT TRIAL – R.C.M. 305(k) CREDIT BASED ON A VIOLATION OF R.C.M. 305(i) FOR A PERIOD OF PRETRIAL RESTRICTION TANTAMOUNT TO CONFINEMENT?

We hold that the Coast Guard Court of Criminal Appeals erred by awarding confinement credit for a violation of Rule for Courts-Martial 305(i) [hereinafter R.C.M.] where Appellee's restriction tantamount to confinement did not involve physical restraint, the essential characteristic of confinement.

FACTS

Appellee made a motion for appropriate relief requesting that the military judge award him "administrative credit" on three grounds.  First, Appellee contended that his restriction was tantamount to confinement and that he should be given credit pursuant to United States v. Mason, 19 M.J. 274 (C.M.A. 1985). Second, Appellee contended that because the terms and conditions of his restriction were tantamount to confinement, he was entitled to credit under R.C.M. 305(k) for the Government's failure to follow the procedures set forth in R.C.M. 305 for reviewing pretrial confinement.  See United States v. Gregory, 21 M.J. 952 (A.C.M.R.), aff'd, 23 M.J. 246 (C.M.A. 1986)(summary disposition).  Finally, Appellee argued in the alternative that

his restriction was pretrial punishment and he should receive appropriate credit. Article 13, UCMJ, 10 U.S.C. § 813 (2000).

Appellee was given a written order of restriction on July 24, 2001. The letter restricted Appellee to "Training Center Yorktown." It also prohibited Appellee from engaging in certain activities, barred him from certain facilities, and imposed restrictions upon Appellee's movements in addition to the geographic limits of Training Center Yorktown. Appellee testified on the motion for appropriate relief, providing some additional description of the terms and conditions of his restriction.

The military judge considered the written order and Appellee's testimony in adjudicating the motion for appropriate relief. The military judge held that the period of time between July 24 and August 31, 2001, constituted restriction tantamount to confinement. The military judge found that the conditions rising to the level of restriction tantamount to confinement consisted of those listed in the letter of restriction and others revealed in Appellee's testimony. Those conditions were as follows:

1. Appellee was restricted to Training Center Yorktown.

2. Appellee was permitted to eat at the Coast Guard Dining Facility during regular meal hours.

3. Appellee was prohibited from wearing civilian clothing other than gym attire while at the gym. His civilian clothing was temporarily taken from him.

4. Appellee was required to move from his room to a restriction room where he enjoyed less privacy.

4

Appellee was not, however, physically limited to only the barracks or the "restriction room."

5. Appellee was permitted visitors only with prior approval.

6. Appellee could not consume alcohol.

7. Appellee had reporting requirements after duty hours and on weekends.

8. After 2200 hours, Appellee could not leave his room unless there was an emergency.

9. Appellee was required to get permission to go to sick call.

10. Appellee could not utilize the Mariner's Mart, Liberty Lounge, or the Cyber Café.

11. Personal property that Appellee brought to the "restriction room" was inspected, including his purchases from the Exchange.

12. Appellee's telephone and pager were taken from him and he was specifically prohibited from using them.

13. Appellee was told that he could not use Moral, Welfare, and Recreation facilities.

14. Appellee was not required to be accompanied by an escort when he left the barracks.

Despite finding that the restriction was tantamount to confinement, the military judge noted that it was a "close call" and that Appellee "was not fenced in and limited only to a barracks."

On the other hand, the military judge declined to give Appellee any additional credit for violation of R.C.M. 305. In that regard, the military judge stated:

> However, I do agree with the Government's argument, as opposed to what's in their brief, that it asks a lot of the command to look far ahead into the future, guess what the judge is going to find and then award review. I don't think it is reasonable for a command to conclude that their actions are reasonable and not amounting to tantamount to confinement conditions, and yet turn around and order review as you would for someone confined who was a prisoner.

The military judge added, "It is a very close call, and for that reason I think that the Government was not unreasonable in not ordering review." The only credit given by the military judge was a credit for restriction tantamount to confinement pursuant to Mason.

On appeal to the United States Coast Guard Court of Criminal Appeals pursuant to Article 66, UCMJ, 10 U.S.C. § 866 (2000), Appellee did not challenge the military judge's ruling concerning the R.C.M. 305(k) credit. Nonetheless, the Coast Guard court sua sponte found that the military judge erred by not granting the requested credit. The Coast Guard court referenced our decision in United States v. Chapa, 57 M.J. 140 (C.A.A.F. 2002), which held that the issue of R.C.M. 305(k) credit is waived when an accused fails to assert any violation of R.C.M. 305 at trial, and noted that we "did not express any reservations about the continuing validity of United States v. Gregory, . . . which held that RCM 305 applies to restriction tantamount to confinement." Rendon, 57 M.J. at 796.

6

The Coast Guard court determined that Gregory "remains good law," although it noted that in Chapa, Senior Judge Sullivan and Judge Baker questioned whether R.C.M. 305 applied to restriction tantamount to confinement. Id. at 797. The lower court also expressed concern that restriction as a form of pretrial restraint could be subject to abuse if R.C.M. 305 did not apply "where restriction is truly tantamount to confinement." Id. Consequently, the Coast Guard court found that the military judge erred when he declined to award Appellee additional credit for a violation of R.C.M. 305. The lower court afforded Appellee relief in the form of an additional 33 days of R.C.M. 305(k) credit. Id.


DISCUSSION

The Government argues that our decision should be guided by United States v. Perez, 45 M.J. 323 (C.A.A.F. 1996). According to the Government, there is a continuum of restraint and until restriction tantamount to confinement becomes "exactly like" pretrial confinement, it remains restriction and is not encompassed by the procedural or credit rules under R.C.M. 305. Appellee, on the other hand, argues that an accused's Fourth Amendment interests are the same for restriction tantamount to confinement and pretrial confinement. Therefore Appellee argues that R.C.M. 305 should be triggered because the absence of procedural safeguards in both instances is unreasonable. We do not believe that the  application of a label such as "restriction tantamount to confinement" nor an analysis of varying factors along a continuum reflect a correct application of R.C.M. 305.

We review de novo whether Appellee is entitled to a pretrial confinement credit. United States v. Smith, 56 M.J. 290 (C.A.A.F. 2002). The interpretation of a provision of the Manual for Courts-Martial is a matter of law also to be reviewed de novo. See United States v. Tardif, 57 M.J. 219 (C.A.A.F. 2002); Manual for Courts-Martial, United States (2002 ed.)[hereinafter MCM]. To interpret R.C.M. 305 and particularly whether R.C.M. 305(k) applies to restriction tantamount to confinement, we look at "the plain language of the [MCM] and construe its provisions in terms of its object and policy, as well as the provisions of any related [rules], in order to ascertain the intent of [the President]; if the [MCM] is unclear, we look next to the [drafters' analysis]." United States v. Falk, 50 M.J. 385, 390 (C.A.A.F. 1999). See also United States v. Phanphil, 57 M.J. 6 (C.A.A.F. 2002).

On its face, R.C.M. 305 applies to "pretrial confinement." R.C.M. 305(b) directs that an accused may only be "confined if the requirements of this rule are met." Conspicuously absent from R.C.M. 305(b), or anywhere else in the R.C.M. 305 is any reference to applying the procedural or credit provisions of the rule to any other form of pretrial restraint. R.C.M. 305(k), the credit provision upon which Appellee relies, is limited by unambiguous language to "confinement served" after noncompliance with R.C.M. 305(f), (h), (i), or (j). There is no support in R.C.M. 305 for applying R.C.M. 305(k) to any lesser form of restraint.

Further, the nature of pretrial confinement or "confinement served" encompassed by the R.C.M. 305 is clear: "[p]retrial

8

confinement is physical restraint, . . . , depriving a person of freedom pending disposition of offenses." R.C.M. 304(a)(4). See R.C.M. 305(a). See also MCM Part IV, para. 19.(c).(5)(a). We find no evidence that the President intended the procedural protections or the credit provided in R.C.M. 305 to apply to anything other than the physical restraint attendant to pretrial confinement. Our conclusion is buttressed by the fact that the President has not seen fit to expand the coverage of R.C.M. 305 despite the many years that restriction tantamount to confinement has required a day-for-day credit under Mason.

It follows then that restriction tantamount to confinement does not, per se, trigger, justify or require application of R.C.M. 305. The rule is applicable to restriction tantamount to confinement only when the conditions or circumstances attendant to that restriction meet the definitional requirements for "confinement." In other words, the conditions or terms of the restriction must constitute physical restraint depriving an accused of his or her freedom. Anything less is outside the scope of R.C.M. 305.

Appellee urges that an accused servicemember's discipline and training create a moral restraint attendant to restriction tantamount to confinement, and that a stricter application of the Fourth Amendment and R.C.M. 305 is warranted because of this moral restraint. Although there are unique moral and disciplinary considerations present in the military, we reject the notion that those considerations require a unique application of the Fourth Amendment or R.C.M. 305 to restriction tantamount to confinement.

In United States v. Rexroat, 38 M.J. 292 (C.M.A. 1993), we examined Fourth Amendment considerations involving arrest and pretrial detention in the civilian community, and the application of Gerstein v. Pugh, 420 U.S. 103 (1975), and County of Riverside v. McLaughlin, 500 U.S. 44 (1991), to apprehension, custody, and pretrial confinement in the military. Rexroat, 38 M.J. at 294-96. We noted that the factual similarity warranting application of Gerstein and McLaughlin was physical restraint:

> Transposing Gerstein and McLaughlin to military practice requires some discussion of terminology. Gerstein and McLaughlin both involved arrests by civilian police and pretrial detention in a jail house. PFC Rexroat was apprehended and held in custody until his commander could be notified and could determine whether to place him in pretrial confinement. Both "apprehension" and "custody" are terms of art in military law. See RCM 302(a)(1) ("Apprehension is the taking of a person into custody."). "Custody" may include physical restraint, albeit temporary. See United States v. Ellsey, 16 USCMA 455, 458-59, 37 CMR 75, 78-79 (1966). "All commissioned, warrant, petty, and noncommissioned officers" may take a person into custody pursuant to RCM 302(b)(2); but only a commissioned officer may order an enlisted person into pretrial restraint and only a commanding officer may order a civilian or officer into pretrial restraint. RCM 304(b). Pretrial confinement is a form of pretrial restraint. RCM 304(a)(4). Thus, when Major Williams ordered PFC Rexroat into pretrial confinement, he was actually continuing the physical restraint of PFC Rexroat in the Navy brig.

Id. at 295. Military apprehension, custody, and pretrial confinement involve physical restraint. Absent some "military necessity . . . requir[ing] a different rule," Fourth Amendment considerations apply to these forms of restraint. See Courtney v. Williams, 1 M.J. 267, 270 (C.M.A. 1976). However, we find no

basis upon which to extend the Fourth Amendment and other procedural protections embodied in R.C.M. 305 to pretrial restraint, including restriction tantamount to confinement, that do not include physical restraint.

We note that we have summarily affirmed application of R.C.M. 305 to restriction tantamount to confinement without specifically finding physical restraint.  Gregory, 23 M.J. at 246 ("it appears that the Court of Military Review correctly concluded that restriction tantamount to confinement is a form of confinement to which R.C.M. 305 . . . applies.").  See also United States v. King, 58 M.J. 110, 115 n.4 (C.A.A.F. 2003).  Cf. United States v. Perez, 45 M.J. at 324 (suggesting that there may be "cases where the conditions of restriction are exactly like confinement" and that the requirement for a probable cause hearing under R.C.M. 305 may apply).  To the extent that these decisions, or any others of this Court, suggest that R.C.M. 305 is per se applicable to restriction tantamount to confinement, that suggestion is beyond the clear language of the rule.  We now clarify that R.C.M. 305 applies to restriction tantamount to confinement only when the conditions and constraints of that restriction constitute physical restraint, the essential characteristic of confinement.

In this case, Appellee was not physically restrained.  He was geographically limited to Training Center Yorktown.  He could go to the gym each workday morning, to the Exchange at lunch on Tuesdays, and to the mess hall for meals.  No escort was required when he went to these facilities.   He had access to the lobby and smoking area of the barracks.  He performed the same duties

at a warehouse that he had been performing prior to the imposition of restriction, and he was not assigned any extra duties or hard labor. While Appellee was geographically restricted and faced the moral restraints attendant to the limitations imposed upon him, it is clear that he was not physically restrained.

DECISION

The certified issue is answered in the affirmative. Accordingly, it is ordered and adjudged that the decision of the United States Coast Guard Court of Criminal Appeals is set aside. The record of trial is returned to the Judge Advocate General of the Coast Guard for remand to the Court of Criminal Appeals for further review.[2]

---

[2] Pursuant to the Homeland Security Act of 2002, Pub. L. No. 107-296, § 1704(b)(2), 116 Stat. 2135 (2002)(codified as 6 U.S.C. 101-557 (2002)), Article 1(1) Uniform Code of Military Justice, 10 U.S.C. § 801(1) (2000), was amended by replacing "the General Counsel of the Department of Transportation" with "an official designated to serve as the Judge Advocate General of the Coast Guard by the Secretary of Homeland Security."