# UNITED STATES COAST GUARD COURT OF CRIMINAL APPEALS
## Washington, D.C.

### UNITED STATES

#### v.

### David D. RENDON
### Seaman (E-3), U.S. Coast Guard

### CGCMS 24228

### Docket No. 1168

### 30 September 2003

Special Court-Martial convened by Commanding Officer, U.S. Coast Guard Training Center Yorktown. Tried at Norfolk, Virginia, 17 October 2001.

| | |
|---|---|
| Military Judge: | CDR Matthew J. Glomb, USCG |
| Trial Counsel: | LCDR Larry R. Kennedy, USCG |
| Civilian Defense Counsel: | Larry M. Dash, Esq. |
| Detailed Defense Counsel: | LT Mark A. Cunningham, USCG |
| Appellate Defense Counsel: | LCDR Nancy J. Truax, USCG |
| Appellate Government Counsel: | LCDR John C. Luce, USCG |

### BEFORE
### PANEL NINE
### BAUM, McCLELLAND[*], & PALMER
Appellate Military Judges

Per Curiam:

On 26 November 2002, this Court issued a decision in this case, *United States v. Rendon,* 57 M.J. 795 (C.G.Ct.Crim.App. 2002), which, among other things, held that the military judge should have granted additional confinement credit under RCM 305(k) for restriction that he had ruled was tantamount to confinement. Thereafter, pursuant to Article 67(a)(2), Uniform Code of Military Justice (UCMJ), the Judge Advocate General (JAG) ordered the case sent to the Court of Appeals for the Armed Forces to determine whether this Court erred in so ruling.[1] On 14 May 2003, our higher court determined that it was error for us to order additional credit under RCM

---

[*] Judge McClelland did not participate in the decision.

[1] The JAG certified the following issue:

> DID THE COAST GUARD COURT OF CRIMINAL APPEALS ERR WHEN IT *SUA SPONTE* HELD THAT THE MILITARY JUDGE SHOULD HAVE GRANTED – IN ADDITION TO THE MASON CREDIT AWARDED AT TRIAL – R.C.M. 305(K) CREDIT BASED ON A VIOLATION OF R.C.M. 305(I) FOR A PERIOD OF PRETRIAL RESTRICTION TANTAMOUNT TO CONFINEMENT?

*United State v. Rendon*, 58 M.J. 26, 27 (C.A.A.F. 2002).

305(k) for the restriction in this case. It set aside our earlier decision and returned the record for remand to this Court for further review. *United States v. Rendon*, 58 M.J. 221 (C.A.A.F. 2003).

Before this Court, without admitting that the findings and sentence are correct in law and fact, Appellant has submitted this case on its merits as to any and all errors. He was tried by special court-martial, military judge alone, and, pursuant to pleas of guilty in accordance with a pretrial agreement, was found guilty of the following offenses: one specification of an attempt to wrongfully distribute some quantity of lysergic acid diethylamide (LSD), in violation of Article 80, of the UCMJ; five specifications of wrongful use of 3, 4-methylenedioxy methamphetamine (MDMA), commonly known as "Ecstasy," one specification of wrongfully distributing some quantity of "Ecstasy," one specification of wrongful possession of some quantity of "Ecstasy," one specification of an attempt to use LSD, and two specifications of wrongful use of LSD, in violation of Article 112a, UCMJ.

The military judge sentenced Appellant to a bad conduct discharge, confinement for 60 days, reduction in rate to E-1, and "forfeiture of one-half pay for 6 months." The Convening Authority approved the sentence as adjudged, and credited Appellant with 39 days against the adjudged confinement, as ordered by the military judge. The court-martial order issued by the Convening Authority misstated forfeitures adjudged by the court and misstated the finding with respect to specification 4 of Charge II as guilty of wrongfully distributing "Ecstasy," when the finding was actually guilty of wrongful use of "Ecstasy." Our previous opinion directed that those errors in the court-martial order were to be corrected to accurately reflect the findings and sentence. If those errors have not been corrected, that order is reiterated.

After reviewing the record in accordance with Article 66, UCMJ, we have determined that the findings are correct in law and fact, and, on the basis of the entire record, should be approved. The announced and approved forfeiture of one-half pay for six months will be modified to conform to the requirements of RCM 1003(b)(2) and *United States v. Burkett*, 57 M.J. 618 (C.G.Ct.Crim.App. 2002). The sentence is otherwise correct in law and fact, and on the basis of the entire record should be approved. Accordingly, the findings and only so much of the sentence approved below as provides for a bad conduct discharge, confinement for 60 days, reduction in rate to E-1, and forfeiture of $521 are affirmed.



For the Court,

Roy Shannon Jr.
Clerk of the Court