# UNITED STATES NAVY–MARINE CORPS COURT OF CRIMINAL APPEALS

————————————

## No. 201700108

————————————

## UNITED STATES OF AMERICA
Appellee

v.

## KEVIN J. DELANEY
Lance Corporal (E-3), U.S. Marine Corps
Appellant

————————————

Appeal from the United States Navy-Marine Corps Trial Judiciary

Military Judge: Lieutenant Colonel Leon J. Francis, USMC.
Convening Authority: Commanding General 3d Marine Division
(-)(Rein), Okinawa, Japan.
Staff Judge Advocate's Recommendation: Colonel Troy S. Taylor,
USMCR.
For Appellant: Captain Kimberly D. Hinson, JAGC, USN.
For Appellee: Major Kelli A. O'Neil, USMC; Captain Brian L.
Farrell, USMC.

————————————

Decided 17 October 2017

————————————

Before MARKS, JONES, and WOODARD, *Appellate Military Judges*

————————————

**This opinion does not serve as binding precedent but may be cited as persuasive authority under NMCCA Rule of Practice and Procedure 18.2.**

————————————

WOODARD, Judge:

At a general court-martial a military judge convicted the appellant, pursuant to his pleas, of one specification each of making a false official statement, wrongfully using a Schedule I controlled substance, viewing child pornography, and obstructing justice, in violation of Articles 107, 112a, and 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 907, 912a, and 934 (2012). The military judge sentenced the appellant to reduction to pay

grade E-1, forfeiture of all pay and allowances, 13 months' confinement, and a bad-conduct discharge. Pursuant to a pretrial agreement, the convening authority (CA) approved only so much of the sentence which provided for reduction to pay grade E-1, total forfeitures, confinement for 12 months, and a bad-conduct discharge. He then ordered the sentence, except for the discharge, executed.

The appellant asserts two assignments of error (AOEs): (1) that the conditions of his pretrial restriction were tantamount to confinement thus entitling him to day-for-day credit in accordance with *United States v. Mason*, 19 M.J. 274 (C.M.A. 1985) (summary disposition); and (2) the military judge committed plain error when he did not address the requirements and remedy of RULE FOR COURTS-MARTIAL (R.C.M.) 305(k), MANUAL FOR COURTS-MARTIAL, UNITED STATES (2016 ed.). After carefully considering the pleadings and the record of trial, we find no error materially prejudicial to the substantial rights of the appellant and affirm the findings and sentence. Arts. 59(a) and 66(c), UCMJ.

## I. BACKGROUND

The appellant was involved in online sexual relationships with two teenage girls, both of whom were at least 16 years old. During the course of the relationships, the girls electronically sent explicit photographs and videos of themselves to the appellant, and the appellant captured screen shots of the girls' exposed genitalia during their online interactions. After being interviewed by the Naval Criminal Investigative Service (NCIS), the appellant contacted one of the girls and told her to delete everything on her phone about him to prevent NCIS from finding it.

Charges stemming from the appellant's interactions with the girls and his statement to NCIS were preferred on 13 October 2016. The following month, on 28 November 2016, an additional charge of violating Article 112a, UCMJ, was preferred against the appellant.

Between the dates of the two preferrals, on 14 November 2016, the appellant was placed on pretrial restriction. On 8 December 2016, following a telephonic conversation with the appellant's trial defense counsel (TDC), the appellant's command issued him a new pretrial restriction order which lessened the conditions of his pretrial restriction. The appellant remained on pretrial restriction until he was sentenced on 18 January 2017.

## II. DISCUSSION

The appellant now argues, for the first time on appeal, that his pretrial restriction was tantamount to confinement and that he is entitled to *Mason* credit. "We review *de novo* the ultimate legal question of whether certain pretrial restrictions are tantamount to confinement." *United States v. King,*

58 M.J. 110, 113 (C.A.A.F. 2003) (citations omitted). "However, failure at trial to seek *Mason* credit for pretrial restriction tantamount to confinement will constitute forfeiture in the absence of plain error." *United States v. Parker,* 75 M.J. 603, 611 (N-M. Ct. Crim. App. 2016) (citation omitted).

At trial, the military judge specifically asked the TDC whether the appellant had been subjected to any form of illegal pretrial punishment. The TDC informed the military judge that he did not believe the conditions of appellant's pretrial restriction rose to the level of illegal pretrial punishment, but he would offer both of the appellant's restriction orders for the court's consideration as mitigation evidence. He further described the conditions of the initial restriction order as "similar to what's given out at NJP"[1] and the subsequent order as "less onerous[.]"[2] The military judge acknowledged that he would consider the conditions of the appellant's pretrial restriction in his sentencing deliberations. Immediately following this exchange, the military judge asked the TDC if the appellant had ever been in pretrial confinement, and the TDC responded in the negative, without further mention of the conditions of the appellant's pretrial restriction. Later in the trial, the appellant's restriction papers were admitted into evidence as a defense exhibit,[3] and in his sentencing argument, the TDC argued the conditions of the appellant's restriction as a matter in mitigation.

At trial, the appellant neither objected to the conditions of his pretrial restriction nor did he seek *Mason* credit. Therefore, we review for plain error. *King*, 58 M.J. at 114.

"'Under a plain error analysis, the accused has the burden of demonstrating that: (1) there was error; (2) the error was plain or obvious; and (3) the error materially prejudiced a substantial right of the accused.'" *United States v. Davis*, 76 M.J. 224, 230 (C.A.A.F. 2017) (quoting *United States v. Payne*, 73 M.J. 19, 23 (C.A.A.F. 2014)). "[T]he failure to establish any one of the prongs is fatal to a plain error claim." *United States v. Bungert*, 62 M.J. 346, 348 (C.A.A.F. 2006).

Conditions of pretrial restriction more rigorous than necessary to ensure the presence of an accused at trial or to prevent additional misconduct may be found to be tantamount to confinement—thus entitling an appellant to day-for-day credit for time that he or she spends in pretrial restriction tantamount to confinement. *Mason*, 19 M.J. at 274.

---

[1] Record at 72-73.

[2] *Id.* at 73.

[3] *Id.* at 77.

In deciding whether the conditions of the appellant's pretrial restriction were tantamount to confinement, we consider the totality of the conditions imposed, including "prior examples of such cases . . . and the factors gleaned from them[.]" *King*, 58 M.J. at 113 (citation and internal quotation marks omitted). These factors include:

> [T]he nature of the restraint (physical or moral), the area or scope of the restraint (confined to post, barracks, room, etc.), the types of duties, if any, performed during the restraint (routine military duties, fatigue duties, etc.), and the degree of privacy enjoyed within the area of restraint. Other important conditions which may significantly affect one or more of these factors are: whether the accused was required to sign in periodically with some supervising authority; whether a charge of quarters or other authority periodically checked to ensure the accused's presence; whether the accused was required to be under armed or unarmed escort; whether and to what degree [the] accused was allowed visitation and telephone privileges; what religious, medical, recreational, educational, or other support facilities were available for the accused's use; the location of the accused's sleeping accommodations; and whether the accused was allowed to retain and use his personal property (including his civilian clothing).

*Id.* (citations omitted). Additionally, when an appellant fails to complain of the conditions of his pretrial restriction at the time of trial, as appellant has here, that is "strong evidence" that "the restriction was, in fact, not the same as confinement." *Id.* at 114 (citations omitted). In general, analysis of the foregoing factors will reveal "levels of restraint . . . which fall somewhere on a spectrum that ranges from 'restriction' to 'confinement.' If the level of restraint falls so close to the 'confinement' end of the spectrum as to be tantamount thereto, [an] appellant is entitled to appropriate and meaningful administrative credit against his sentence." *United States v. Smith,* 20 M.J. 528, 531 (A.C.M.R. 1985).

In the case before us, the appellant received two restriction orders. The first order, dated 14 November 2016, contained the following provisions:

- the officer imposing the restriction has the sole authority to make modifications to the restriction order;

- restriction to his place of duty, worship, mess, billeting, and areas required to carry out his duties;

- during liberty periods regular musters in uniform of the day with the officer of the day (OOD) four times per workday

(0700, 1800, 2000, and 2145) and every two hours between 0700 and 1500 then at 1800, 2000, and 2145 on weekends and holidays;

- if attending religious services or Alcoholics Anonymous meetings, check out with OOD before leaving and upon return;

- no purchase or consumption of alcohol, attendance at any recreational movie, or service club;

- no riding or driving of a privately-owned vehicle;

- no wearing of civilian attire and must remain in the uniform of the day unless otherwise authorized or during sleep hours;

- no physical training attire unless conducting unit physical training;

- no use of public phones unless otherwise authorized;

- no use of the Marine Corps Exchange unless otherwise authorized; and

- no visitors allowed in his barracks room.[4]

In his post-trial declaration, the appellant avers that, although not stated in the order, the following additional pretrial restriction provisions applied:

- he was reassigned to routine administrative functions such as helping in the supply department, motor pool, trash removal, or other assignments from various departments within his unit as assigned by the duty;

- if not going to or coming from his assigned duty location, or properly checked-out and escorted by a noncommissioned officer (NCO), he was required to be in his barracks room;

- he was subject to room checks, day and night, to ensure his presence and that he did not possess any alcohol; and

- he was allowed to smoke, but only at the smoke pit which was within sight of the duty.[5]

Even assuming these additional conditions were in effect, the appellant retained or was not specifically limited from:

---

[4] Defense Exhibit (DE) C at 2.

[5] Appellant's Motion to Attach Appellant's Declaration of 9 Jun 2017, Appellant's Declaration (Appellant's Declaration) at 2.

- remaining in his previously assigned barracks room;

- retaining all personal items;

- use of any personal electronic devices within his barracks room;

- attending Alcoholics Anonymous meetings;

- attending worship services;

- traveling unescorted to his assigned work section;

- wearing civilian clothes upon request and approval;

- use of public phones upon request and approval;

- use of MCX upon request and approval; and

- smoking in a designated outside area.

The second order, dated 8 December 2016, reduced the restriction to only the following conditions:

- prohibited off-base liberty;

- prohibited purchase or consumption of alcohol;

- permitted on-base liberty, but the appellant was required to log out/in with the OOD via phone call prior to and upon return to assigned quarters;

- prohibited visitors in his barracks room.[6]

A service member suspected of an offense may be subjected to pretrial restraint pending court-martial, including restriction, arrest, or confinement. R.C.M. 304(a). Conditions may be ordered if they are "reasonably necessary to protect the morale, welfare, and safety of the unit (or the accused); to protect victims or potential witnesses; or to ensure the accused's presence at the court-martial or pretrial hearings." *United States v. Blye*, 37 M.J. 92, 94 (C.M.A. 1993) (holding order not to drink alcohol while on restriction was lawful).

After considering the conditions placed upon the appellant by his pretrial restriction orders, the additional conditions he now alleges were imposed upon him, and the appellant's failure to complain at trial, we find his pretrial restriction was not tantamount to confinement—and thus not error.

The timing of the imposition of the appellant's restriction is significant. Prior to his positive urinalysis, although the appellant had been under investigation for nearly a year, he was not subject to any form of restraint. It

---

[6] DE C at 3-4.

was not until after he committed additional misconduct, as evidenced by his positive urinalysis, that he was placed on pretrial restriction by his command. The appellant's restriction was tailored, not only to ensure his presence at trial on serious charges, but also to protect the morale, welfare, and safety of both him and his unit. The appellant's drug abuse occurred during a night of excessive alcohol consumption where he drank to the point that he "blacked out."[7] And, when placed on pretrial restriction, the appellant's company commander informed him that he "was being placed on restriction 'to keep [the appellant] safe.'"[8] The conditions imposed by the appellant's command which limited his access to alcohol and the establishments which served it, as well as the room inspections and escorts, were reasonable restraints considering the circumstances of the appellant's alleged substance abuse misconduct, and not punishment as prohibited by R.C.M. 304(f).

Additionally, the appellant's circumstances were less restrictive than those that prompted the *Mason* court to extend confinement credit to pretrial restriction—restriction to a dayroom with permission to go, under escort, only to the latrine, chapel, mess hall, half-hourly musters, and exclusion from training. *Smith,* 20 M.J. at 531. Unlike in *Mason,* the appellant was allowed to remain in his barracks room with all of his personal belongings, allowed to travel unescorted to his assigned duty locations, not required to muster during the work day and only every two hours during non-duty hours and on non-duty days, and, although under escort, allowed to use the MCX and attend Alcoholics Anonymous meetings.

Finally, the appellant failed to complain at trial that the conditions of his pretrial restriction were tantamount to confinement. Accordingly, we find his conditions were closer on the spectrum to restriction than confinement. *See King,* 58 M.J. at 111-12 (holding that restriction to dormitory, dining facility, squadron building, and defense counsel's office; reassignment to cleaning and manual labor duties; requirement to muster twice per day; and inability to use the gym was not tantamount to confinement); *United States v. Guerrero,* 28 M.J. 223, 224-25 (C.M.A. 1989) (holding that restriction to barracks room, latrine, chapel, mess hall and other places of duty; requirement for an NCO escort; and requirement to muster "every 30 minutes until normal 'lights out'" was not tantamount to confinement); *Parker,* 75 M.J. at 610-11 (holding restriction to base with permission to visit exchange, gym, on-base food establishments, and other base facilities with an escort; requirement to muster every two hours during the day; prohibition against receiving visitors,

---

[7] Record at 50.

[8] Appellant's Declaration at 1.

and reassignment to routine administrative functions was not tantamount to confinement); *United States v. Patterson,* 201600189, 2017 CCA LEXIS 437 at \*23-25 (N-M. Ct. Crim. App. 30 Jun 2017) (holding restriction to barracks room, work area, base chapel, infirmary, mess hall, 21 Area Exchange, barbershop, dry cleaners, and fitness center; requirement to muster four times per workday and every two hours between 0700 and 1500 then at 1800, 2000, and 2145 on weekends and holidays; requirement of an NCO escort and notification to barracks duty when leaving the barracks; prohibition on the use of alcohol; prohibition on the use of recreational activity centers or participating in intramural sports; prohibition on the operation of a privately owned vehicle; and prohibition against receiving visitors was not tantamount to confinement); *Washington v. Greenwald*, 20 M.J. 699 (A.C.M.R. 1985) (holding restriction to company area, dining hall, place of duty, and chaplain's office during the day and his room at night; requirement to muster every hour when not at work; and requirement of an escort to travel anywhere after duty hours was not tantamount to confinement).

The appellant has failed to meet his burden under the first prong of the plain error test—that there was error. Specifically, we find that the conditions of his pretrial restriction were not tantamount to confinement. No error, let alone plain or obvious error, occurred.

Our conclusion that the appellant's restriction was not tantamount to confinement renders his second AOE moot. *See United States v. Rendon,* 58 M.J. 221, 224-25 (C.A.A.F. 2003) (holding that R.C.M. 305 applies only when: (1) the conditions of an appellant's pretrial restriction are such that they constitute restriction tantamount to confinement; and (2) the "conditions or circumstances of that restriction constitute physical restraint, the essential characteristic of confinement").

### III. CONCLUSION

The findings and the sentence as approved by the CA are affirmed.

Senior Judge MARKS and Judge JONES concur.

For the Court



R.H. TROIDL
Clerk of Court